# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

NUANCE COMMUNICATIONS, INC., a )
Delaware corporation, and PHONETIC )
SYSTEMS LTD., an Israeli corporation, )
                                      )
                          Plaintiffs, )     Civil Action No. 06-105-SLR
                                      )
             vs.                       )
                                      )     **REDACTED - PUBLIC VERSION**
TELLME NETWORKS, INC., a Delaware )
corporation, )
                                      )
                         Defendant. )

---

## DECLARATION OF M. EDWARD ROSS, ESQ. IN SUPPORT OF NUANCE COMMUNICATIONS, INC. AND PHONETIC SYSTEMS LTD.'S OPPOSITION TO TELLME NETWORKS, INC.'S MOTION TO STAY PENDING ARBITRATION

### REDACTED - PUBLIC VERSION

Frederick L. Cottrell (# 2555)
cottrell@rlf.com
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

Attorneys for Plaintiffs Nuance Communications, Inc. and Phonetic Systems Ltd.

OF COUNSEL:
Mark A. Samuels (S.B. #107026)
Mark C. Scarsi (S.B. #183926)
Jeffrey A. Fehervari (S.B. #181124)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

## DECLARATION OF M. EDWARD ROSS, ESQ.

I, M. Edward Ross, do hereby declare as follows:

1.    I am Senior Corporate Counsel for Nuance Communications, Inc. ("Nuance") (formerly named ScanSoft, Inc.), one of the plaintiffs in the above-captioned action. I have personal knowledge of the facts set forth in this declaration. If called to testify, I could and would testify competently thereto.

2.    I was first employed by Nuance Communications, USA, Inc. ("NCUSA") (which at the time was known as Nuance Communications, Inc.) as legal counsel from April, 1999 until mid-2001. I re-joined NCUSA as Senior Corporate Counsel in March 2002. Following Nuance's acquisition of NCUSA in 2005, I joined Nuance in my current position of Senior Corporate Counsel.

3.    During the course of my employment with NCUSA, my responsibilities included the negotiation of agreements, including licensing and service agreements, and a variety of other legal issues related to NCUSA's business activities.

4.    Phonetic Systems Ltd. ("Phonetic"), one of the plaintiffs in this case, is a wholly-owned subsidiary of Nuance. To my knowledge, neither of the two plaintiffs in this case, Nuance or Phonetic, has any contractual relationship with defendant Tellme Networks, Inc. ("Tellme") and neither of Nuance or Phonetic has ever entered into any intellectual property license with Tellme.

5.    NCUSA (formerly known as Nuance Communications, Inc.) was originally incorporated in July 1994 in the State of California, and was subsequently reincorporated in March 2000 in the State of Delaware.

6.    In November 1999, NCUSA entered into a license agreement with Tellme, a copy of which is attached hereto as Exhibit A (the "NCUSA License"). I was personally involved, on behalf of NCUSA, in the negotiation of the NCUSA License. The NCUSA License contains a number of provisions, including a license for Tellme to use NCUSA's Software and NCUSA's related intellectual property. *See generally*, NCUSA License § 2.

7.    NCUSA did not grant Tellme a license to any of Nuance's or Phonetic's intellectual property through the NCUSA License. NCUSA does not have, nor did it ever have, the right to grant licenses to either of the patents-in-suit, Nuance's '088 Patent or Phonetic's '630 patent. Furthermore, at the time NCUSA entered into the NCUSA License with Tellme in 1999, NCUSA had no contractual relationship of any kind with Nuance or Phonetic.

8.    The NCUSA License also includes an arbitration clause calling for arbitration between NCUSA and Tellme of any dispute "arising out of or relating to the formation or performance of" the NCUSA License. *See* NCUSA License § 9.5.

9.    The NCUSA License defined the licensed NCUSA Software as NCUSA's automatic speech recognizer software ("ASR"), together with certain Grammars (or vocabularies) that the Nuance ASR software uses to recognize speech. *See, e.g.*, NCUSA License § 1.8, and Schedules A and B thereto.

10.    The NCUSA License also includes provisions that expressly limit NCUSA's indemnity obligations. Specifically, Section 7.1 of the NCUSA License between NCUSA and Tellme provides:

> 7.1 [NCUSA] Indemnity. [NCUSA] will defend and indemnify Customer [Tellme], its shareholders, directors, officers, employees, agents and affiliated companies from and against any losses, costs, or damages (including reasonable attorneys' fees) <u>against a claim that Software furnished and used within the scope of this Agreement infringes any patent</u>, copyright, or trademark or other intellectual property right,

- 3 -

provided that (a) … (b) … and (c) … . [NCUSA] shall have no liability
for any claim of infringement to the extent such claim is based on: (i) …
(ii) use of the Software in combination with other hardware or software
not provided by [NCUSA] and not required to operate the Software in
conformance to the Documentation; (iii) a Customer [Tellme] or third
party application as opposed to the [NCUSA] Software; … .(emphasis
added)

11.    This indemnification limitation was important to NCUSA, because while NCUSA

had full control over its own ASR Software, and could thus comfortably make promises of

indemnification in the event the ASR Software itself was found to infringe a third party

intellectual property right, NCUSA had no control whatsoever over the nature of the applications

Tellme planned to implement using NCUSA's ASR Software as a component.  Acting as a

supplier to Tellme, NCUSA could not reasonably provide any guarantees, warranties,

indemnities or other promises regarding liability for Tellme's infringement of other parties'

patents through Tellme's own applications, or the various other hardware and software Tellme

might combine with the ASR Software, and NCUSA did not do so.

12.    Under the NCUSA License, NCUSA had four different options if its ASR

Software was found to infringe third party intellectual property rights:

(a)    modify the Software to be non-infringing (provided that such
modified Software is of equal or superior functional capability);

(b)    procure (at no cost to the Customer) a license for the Customer to
continue using the Software in a manner equivalent to the license
provided herein;

(c)    replace the Software with compatible computer software of equal
or superior functional capability; or

if it is not commercially reasonable for [NCUSA] to perform (a),
(b) or (c), then

(d)     terminate the license for the infringing Software and refund all fees paid for that Software, prorated over a straight-line three year method.

(NCUSA License, Section 7.1, second paragraph.)

13.     The recitation of these options again confirmed that the NCUSA License limits NCUSA's indemnification obligation to those narrow circumstances where the NCUSA ASR Software itself is accused of infringement.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on April 28, 2006 at _Burlington_, Massachusetts.

_____
M. Edward Ross

- 5 -

# EXHIBIT A

REDACTED

**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2006, I electronically filed the foregoing with

the Clerk of Court using CM/ECF which will send notification of such filing(s) to the

following and which has also been served as noted:

**VIA HAND DELIVERY**

Jack B. Blumenfeld
Rodger D. Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE   19899-1347

I hereby certify that on May 10, 2006, the foregoing document was sent to the

following non-registered participants in the manner indicated:

**VIA U.S. MAIL**

Morgan Chu, Esquire
Jonathan S. Kagan
Iian Jablon
Irell & Manella LLP
1800 Avenue of the Stars
Los Angeles, CA   90067

_____
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com