**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| NUANCE COMMUNICATIONS, INC., a Delaware corporation, and PHONETIC SYSTEMS LTD., an Israeli corporation, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | C. A. No. 06-105-SLR |
| TELLME NETWORKS, INC., a Delaware corporation, | ) ) ) | **Jury Trial Demanded** |
| Defendant. | ) ) | |

## MOTION FOR RULE 16 SCHEDULING CONFERENCE

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.2 of this Court, Plaintiffs Nuance Communications, Inc. ("Nuance") and Phonetic Systems, Ltd. ("Phonetic," and together with Nuance, "Plaintiffs"), move for an order setting a date on which an initial scheduling conference shall be held in the above captioned action. In support of their motion, Plaintiffs state as follows:

1.      Plaintiffs filed the complaint in this action on February 14, 2006 (the "Complaint"), approximately 200 days ago.

2.      On March 31, 2006, over 150 days ago, Tellme Networks, Inc. ("Tellme") appeared in this action by filing Defendant Tellme Networks, Inc.'s Motion to Stay Action Pending Arbitration (D.I. 8) (the "Motion to Stay" or "Motion"), together with a brief and declarations in support thereof. By its Motion to Stay, Tellme asked the Court to stay this action pending the outcome of an arbitration in a separate proceeding between Tellme and Nuance Communications USA, Inc. ("Nuance USA"), a subsidiary of Nuance (the "California Arbitration"). Tellme refused to file an answer to Plaintiffs' complaint for patent infringement.

By May 15, 2006, the parties had fully briefed the Motion to Stay. Thereafter, Plaintiffs requested oral argument on the Motion. (D.I. 26). The Motion to Stay is pending for decision.

3.    On July 31, 2006, Plaintiffs' counsel sent a letter to Tellme's counsel requesting an opportunity to meet and confer pursuant to Rule 26(f) to discuss appropriate scheduling, discovery and other requirements for this matter. This letter is attached hereto as Exhibit A.

4.    On August 2, 2006, Tellme's counsel, sent a response (the "Response") declining Plaintiff's request to meet and confer. In that Response, Tellme's counsel referenced the Motion to Stay, and stated his belief that it was not practicable to schedule a meet and confer at this time. This Response is attached hereto as Exhibit B.

5    Tellme has granted itself a self-effectuating stay by refusing to proceed with a Rule 26 meet and confer. In the interim, Tellme continues to infringe the patents-in-suit, leaving Plaintiffs without a remedy. In addition, one of the patents-in-suit (the '088 Patent) will expire in July 2008.

6.    Tellme's unilateral refusal to engage in discovery in this action is all the more troubling in light of its attempts to delay the arbitration proceeding. During briefing on the Motion to Stay, Tellme argued to this Court that:

> One additional factor considered by some courts in determining whether to enter a discretionary stay is whether the party seeking the stay will attempt to delay the arbitration. See, e.g., Citrus Marketing Board, 943 F.2d at 225 ("the defendant[ ] should demonstrate to the satisfaction of the court that [it] ha[s] not taken nor will take any steps to hamper the progress of the arbitration proceeding, that the arbitration may be expected to conclude within a reasonable time, and that such delay as may occur will not work undue hardship") (alterations in original, citation omitted). This factor favors Tellme as well. Nuance does not contend—nor could it contend—that Tellme has taken any steps to hamper the progress of the arbitration proceeding. Declaration of Iian Jablon ("Jablon Decl."), ¶ 2. Indeed, the arbitration proceeding between Tellme and Nuance USA is likely to be completed by late 2006 or early 2007—far less than a year

from now. Id. (Tellme Reply Brief at 15, May 15, 2006, attached hereto as Exhibit C).

"It is unclear why Nuance expects the arbitration to last more than a year – outside counsel for both parties participated in a March 22, 2006 call with the American Arbitration Association (which is administering the arbitration proceeding) in which **the parties tentatively discussed proceeding with the arbitration hearing in Fall 2006**. Jablon Decl., ¶ 2. **Even if the arbitration hearing date is ultimately pushed back, there is every reason to expect that the arbitration will be concluded by late 2006 or early 2007 – far less than a year from now**. Id." (Tellme Reply brief at 17, May 15, 2006, attached hereto as Exhibit C, emphasis added)

"Nuance does not contend – nor could it contend – that Tellme has taken any steps to hamper the progress of the arbitration proceeding. Declaration of Iian Jablon ("Jablon Decl."), ¶ 2. Indeed, the arbitration proceeding between Tellme and Nuance USA is likely to be completed by late 2006 or early 2007 – far less than a year from now. Id." (Tellme Reply brief at 16, May 15, 2006, attached hereto as Exhibit C)

7.     Counsel for Tellme even represented that:

"On March 22, 2006, I participated in a telephone conference with Nuance USA's outside counsel ... and a representative of the [AAA]. ... During that call, counsel for both parties tentatively discussed proceeding with the arbitration hearing in Fall of 2006. Since that time, counsel for both parties have been working cooperatively with AAA to select an arbitration Panel. There have been no discussions between the parties about a substantial continuance of the hearing date, and **it is presently my expectation that the arbitration proceeding will be completed by late 2006 or early 2007. Tellme has not taken any steps whatsoever to hamper the progress of the arbitration proceeding**." (Declaration of Iian Jablon, Paragraph 2, signed May 12, 2006, attached hereto as Exhibit D; emphasis added)

8.     Meanwhile, in direct contravention of its representations, Tellme is now seeking to delay the resolution of the California Arbitration. The arbitration panel originally discussed a hearing sometime in the November 2006 to January, 2007 time frame, but tentatively settled on an April 2007 hearing date in order to accommodate the schedule of one of the panel members who was not available for a two week consecutive block of time until then. Realizing that this would push the arbitration back far more than had been contemplated and that two weeks, let

alone two *consecutive* weeks, would not be necessary for the arbitration hearing, Nuance USA
made a series of independent proposals to Tellme to either advance the arbitration as a whole or
to at least bifurcate the indemnity issue that is the basis of Tellme's stay motion so it could be
decided promptly

9.      Specifically, during conferences with Tellme's counsel on August 8, and August
10, and again in correspondence on August 14, Nuance USA proposed three different
alternatives for the efficient resolution of the claims and counterclaims in the California
Arbitration, consistent with Tellme's prior representations to this Court that Tellme would not
seek to delay the California Arbitration.  The three proposals were either: (1) an expedited
hearing on Tellme's arbitration counterclaims regarding indemnification in the Fall of 2006, and
a hearing on the remaining arbitration issues in January 2007; (2) a hearing on all arbitration
issues in January 2007, as the parties originally contemplated; or (3) as a final gesture of
cooperation, Nuance USA also proposed to agree to Tellme's desired April hearing date for all
issues in the California Arbitration, so long as Tellme agreed, for efficiency's sake, to allow
concurrent discovery in this Delaware action.

10.     Tellme categorically refused each of Nuance USA's three proposals.  On August
11, 2006, Iian Jablon, counsel for Tellme informed counsel for Nuance that:

> "We're going to propose that the Panel stick with the April date unless
> there's another date that is close to that in March or early April that works
> for everybody, and it sounds like from what was said at the preliminary
> hearing that there isn't an earlier date that's available for the Panel.  So,
> anyway, that will be our position." (Attached hereto as Exhibit E).

11.     During a conference with the Arbitration Panel chair on August 21, 2006, Nuance
USA requested that the chair advance the hearing date, but he declined to do so unilaterally, as
he felt that the April hearing date had already been established by the other members of the

Panel. In addition, the chair was reluctant to make any rulings regarding scheduling issues before this Court.

12.    Plaintiffs therefore respectfully ask the Court to schedule a Rule 16 conference for at least the following reasons, irrespective of the Court's eventual ruling on the Motion to Stay: (a) Tellme has requested that this Court stay this patent litigation pending the resolution of the California Arbitration, but is simultaneously engaged in an inconsistent strategy of delaying the resolution of the California Arbitration as well; (b) a scheduling conference will allow the parties to proceed now with discovery while awaiting the Court's decision, rather than waiting until the Court denies the Motion; and (c) the continuing delay of discovery will unavoidably impact the recollection of witnesses and may also affect the availability of documents (such as e-discovery) necessary to prove Plaintiffs' patent infringement claims.

For all the foregoing reasons, Plaintiffs Nuance Communications, Inc. and Phonetic Systems, Ltd. respectfully ask the Court, pursuant to Rule 16 of the Federal Rules of Civil Procedure, to order a Rule 16 scheduling conference to be held at the earliest convenience of the Court and counsel. A form of order is attached hereto as Exhibit F.

OF COUNSEL:
Dale M. Cendali (No. DC2676 (S.D.N.Y))
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000

Mark A. Samuels
Mark C. Scarsi
Jeffrey A. Fehervari
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000

Dated:  September 1, 2006

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

*Attorneys for Plaintiffs Nuance Communications, Inc.
and Phonetic Systems Ltd*

## LOCAL RULE 7.1.1. CERTIFICATION

As reflected in the attached Motion for Rule 16 Scheduling Conference, counsel for Defendant opposes the Motion.

_____
Frederick L. Cottrell, III (#2555)

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2006, I electronically filed the foregoing with the

Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and

which has also been served as noted:

### VIA HAND DELIVERY

Jack B. Blumenfeld
Rodger D. Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE   19899-1347

I hereby certify that on September 1, 2006, the foregoing document was sent to the

following non-registered participants in the manner indicated:

### VIA FEDERAL EXPRESS

Morgan Chu, Esquire
Jonathan S. Kagan
Iian Jablon
Irell & Manella LLP
1800 Avenue of the Stars
Los Angeles, CA   90067

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com

# EXHIBIT A

O

## O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
NEWPORT BEACH

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407
www.omm.com

NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO
WASHINGTON, D C

July 31, 2006

OUR FILE NUMBER
756048-6

Jonathan S. Kagan, Esq.
IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067

WRITER'S DIRECT DIAL
(213) 430-6529

WRITER'S E-MAIL ADDRESS
mscarsi@omm.com

Re: *Nuance Communications, Inc. and Phonetics Systems, Inc. v. Tellme Networks, Inc.*
*Delaware C.A. No. 06-105-SLR*

Dear Jonathan:

Although the Court has not yet ruled on your pending motion to stay, we are eager to begin the process of resolving the patent infringement dispute between Nuance and Tellme, filed approximately 5 months ago. We would therefore request an opportunity to meet and confer with you pursuant to Rule 26(f) to discuss appropriate scheduling, discovery and other requirements for this matter. I am generally available during the week of August 7. Please feel free to propose a convenient date for us to meet.

We would appreciate a response from you by this Wednesday, August 2, 2006, so that we can begin moving forward expeditiously. Thanks in advance for your assistance.

Very truly yours,

Mark C. Scarsi
of O'MELVENY & MYERS LLP

MCS:dd

# EXHIBIT B

# IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Facsimile No.: (310) 203-7199
Telephone No.: (310) 277-1010
Facsimile Dept. Ext.: 8200

This communication may contain confidential or privileged information and may constitute inside information. It is intended only for the addressee.  Any distribution, reading, copying, or use of this communication by anyone other than the addressee is strictly prohibited and may be unlawful.  If you received this in error, please notify us immediately by telephone, and return the original communication to us at the above address by mail.  You will be reimbursed for your reasonable expenses.  Thank you.

| | | | |
|---|---|---|---|
| **Date:** | August 2, 2006 | | **VIA FACSIMILE** |
| **Facsimile No.:** | 213/430-6407 | **Sent by:** | |
| **Office Telephone No.:** | | **Reference No.:** | |
| **To:** | Mark C. Scarsi, Esq. | | |
| **From:** | Jonathan S. Kagan, Esq. | **Received by:** | |
| **cc:** | | **Time:** | |
| **No. of Pages:** (including cover page) | | | |

**Original will be sent via:** ☐ Mail  ☐ E-mail  ☐ Pouch  ☐ Messenger  ☐ Overnight Courier  ☐ Will not be sent

1544879 1 01

I R E L L  &  M A N E L L A  LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE. SUITE 400        1800 AVENUE OF THE STARS. SUITE 900        TELEPHONE (310) 277-1010
NEWPORT BEACH  CA 92660-6324                                                          FACSIMILE (310) 203-7199
TELEPHONE (949) 760-0991                   LOS ANGELES, CALIFORNIA 90067-4276         WEBSITE: www.irell.com
FACSIMILE (949) 760-5200

                                                                                     WRITER'S DIRECT
                                                                                     TELEPHONE (310) 203-7092
                                                                                     jkagan@irell.com

                              August 2, 2006


        **VIA FACSIMILE**
        Mark C. Scarsi, Esq.
        O'Melveny & Myers, LLP
        400 South Street
        Los Angeles, CA  90071-2899

               Re:    *Nuance Communications  vs. Tellme Networks, Inc.*
                      Delaware CA No. 06-105-SLR

        Dear Mark:

               I write in response to your letter of July 31, 2006.

               As you note in your letter, currently pending before the Court is Tellme's
        motion to stay.  This motion, if granted, will obviate the need for a Rule 26 scheduling
        conference until after the conclusion of the pending arbitration.  In light of this fact and
        the timing requirements of Rule 26(f), we do not believe it is practicable to schedule a
        meet and confer at this time.  I will, of course, advise you if the situation changes.

                              Very truly yours,


                              Jonathan S. Kagan

        JSK/rs


1544678

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| NUANCE COMMUNICATIONS INC., PHONETIC SYSTEMS LTD., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 06-105-SLR |
| TELLME NETWORKS, INC., | ) ) | |
| Defendant. | ) ) ) | |

### DEFENDANT TELLME NETWORKS, INC.'S
### REPLY BRIEF IN SUPPORT OF ITS MOTION
### TO STAY ACTION PENDING ARBITRATION

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendant
Tellme Networks, Inc.*

May 15, 2006

stayed in the litigation are at issue in the arbitration. The fact that there may be additional issues involved in the arbitration does not provide a basis for denying a stay. Nuance also argues that "the only relevant inquiry for the arbitration panel is whether NCUSA's ASR software is itself accused of infringing a third party patent." Nuance Opp. Br. (D.I. 17) at 21. As explained above, this contention is plainly incorrect and ignores the express terms of the 1999 license agreement that authorize Tellme to use Nuance USA's software in conjunction with other third-party hardware and software in accordance with Nuance USA's documentation. Accordingly, Tellme should get a stay under the "mandatory" line of cases.

If the Court elects to follow the line of decisions that holds that a stay pending arbitration is discretionary rather than mandatory, Tellme should still get a stay because it satisfies all requirements for a discretionary stay. For example, in WorldCrisa Corp. v. Armstrong, 129 F.3d 71 (2d Cir. 1997), a parent company and its subsidiary sued a defendant who had an arbitration agreement with the subsidiary. The defendant moved for a stay pending arbitration, and the District Court denied the motion. The Second Circuit reversed. The Court of Appeals held that, as an initial matter, the defendant was entitled to a mandatory stay as against the subsidiary. Id. at 75. The parent company argued that even if defendant was entitled to a stay as against the subsidiary, the parent's claims could not be stayed because it was not a party to the arbitration agreement. The Second Circuit disagreed, holding that defendant was plainly entitled to a stay because the parallel litigation "would involve significant expense and inconvenience and might adversely affect the outcome of [defendant's] arbitration against [the subsidiary]." Id. at 76; see also Danisco A/S v. Novo Nordisk A/S, 2003 WL 282391, at *4 (S.D.N.Y. 2003) (granting defendant's motion to stay patent infringement claims where one plaintiff was party to arbitration agreement with defendant but other plaintiff was not); AppForge, 2005 WL 705341,

at *9-10 (granting motion to stay where plaintiff was party to arbitration agreement with defendant parent corporation, but not with defendant subsidiaries).

One additional factor considered by some courts in determining whether to enter a discretionary stay is whether the party seeking the stay will attempt to delay the arbitration. See, e.g., Citrus Marketing Board, 943 F.2d at 225 ("the defendant[ ] should demonstrate to the satisfaction of the court that [it] ha[s] not taken nor will take any steps to hamper the progress of the arbitration proceeding, that the arbitration may be expected to conclude within a reasonable time, and that such delay as may occur will not work undue hardship") (alterations in original, citation omitted). This factor favors Tellme as well. Nuance does not contend—nor could it contend—that Tellme has taken any steps to hamper the progress of the arbitration proceeding. Declaration of Iian Jablon ("Jablon Decl."), ¶ 2. Indeed, the arbitration proceeding between Tellme and Nuance USA is likely to be completed by late 2006 or early 2007—far less than a year from now. Id.

Recognizing that Tellme has met its burden of showing that a stay is appropriate under both the "mandatory" and "discretionary" lines of cases that have considered stays pending arbitration, Nuance argues that the Court should instead import a three-factor test derived from cases where the Federal Arbitration Act is not at issue: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Nuance Opp. Br. at 15 (quoting Argos v. Orthotec LLC, 304 F. Supp. 2d 591, 598 (D. Del. 2004)). Although none of the numerous Court of Appeals decisions cited by Tellme and Nuance in connection with a stay pending arbitration apply this test, Tellme would clearly satisfy it even if it did apply.

First, Nuance has failed to demonstrate that it would suffer any substantial prejudice if the case is stayed.[6] Nuance contends that it will be prejudiced because the arbitration "will likely last for at least a year or more," and a stay will provide Tellme with a "de facto" license to Nuance's patents. Nuance Opp. Br. (D.I. 17) at 17. It is unclear why Nuance expects the arbitration to last more than a year—outside counsel for both parties participated in a March 22, 2006 call with the American Arbitration Association (which is administering the arbitration proceeding) in which the parties tentatively discussed proceeding with the arbitration hearing in Fall 2006. Jablon Decl., ¶ 2. Even if the arbitration hearing date is ultimately pushed back, there is every reason to expect that the arbitration will be concluded by late 2006 or early 2007—far less than a year from now. Id. Moreover, Nuance makes no effort to explain why it could not be made whole by money damages in the unlikely event that the arbitration panel were to rule in Nuance USA's favor and a jury were subsequently to find that Tellme infringes Nuance's patents. It should be noted that any such explanation would be very difficult for Nuance, given that Tellme has been using Nuance USA's software the same way since 1999 without objection, and has paid Nuance USA millions of dollars in licensing fees during that time period.

---

[6]     Nuance cites Walter Oil & Gas Corp. v. Teekay Shipping, 270 F. Supp. 2d 855 (S.D. Tex. 2003), as purportedly supporting the view that Tellme has not demonstrated adequate prejudice in order to support a stay. Walter Oil is completely inapposite. In that case, two of several defendants were parties to a separate arbitration proceeding in which one sought contractual indemnification from the other. The trial court refused to stay plaintiff's tort claims until the arbitration was concluded based on its finding that plaintiff's underlying claims were "totally unrelated" to the indemnification proceeding. By contrast, here if Tellme prevails in the arbitration, then either (1) Nuance's claims against Tellme will be moot, or (2) Nuance's own wholly-owned subsidiary will be required to defend and indemnify Tellme.

# EXHIBIT D

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NUANCE COMMUNICATIONS INC.,<br>PHONETIC SYSTEMS LTD., | ) <br>) <br>) | |
| Plaintiffs, | ) <br>) | |
| v. | ) <br>) | C.A. No. 06-105-SLR |
| TELLME NETWORKS, INC., | ) <br>) <br>) | |
| Defendant. | ) <br>) | |

**DECLARATION OF IIAN D. JABLON
IN SUPPORT OF DEFENDANT TELLME NETWORKS, INC.'S
<u>MOTION TO STAY ACTION PENDING ARBITRATION</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200
  Attorneys for Defendant Tellme Networks, Inc.

## DECLARATION OF IIAN D. JABLON

I, Iian D. Jablon, declare as follows:

1.    I am an attorney at Irell & Manella LLP, outside counsel for Tellme Networks, Inc. ("Tellme") in connection with this patent infringement action filed against Tellme by Nuance Communications, Inc. and Phonetic Systems, Ltd. (collectively, "Nuance") and the related arbitration involving Tellme and Nuance Communications USA, Inc. ("Nuance USA"). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath. I make this declaration in support of Tellme's "Motion to Stay Action Pending Arbitration."

2.    On March 22, 2006, I participated in a telephone conference with Nuance USA's outside counsel (the same firm which also represents Nuance in this patent infringement action) and a representative of the American Arbitration Association ("AAA," which is administering the arbitration between Tellme and Nuance USA). During that call, counsel for both parties tentatively discussed proceeding with the arbitration hearing in Fall of 2006. Since that time, counsel for both parties have been working cooperatively with AAA to select an arbitration panel. There have been no discussions between the parties about a substantial continuance of the hearing date, and it is presently my expectation that the arbitration proceeding will be completed by late 2006 or early 2007. Tellme has not taken any steps whatsoever to hamper the progress of the arbitration proceeding.

Executed on May 12, 2006, at Los Angeles, California. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Iian D. Jablon

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 15, 2006, I caused to be electronically filed the Declaration Of Iian D. Jablon In Support Of Defendant Tellme Networks, Inc.'s Motion To Stay Action Pending Arbitration with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Frederick L. Cottrell
> Richards, Layton & Finger

I also certify that copies were caused to be served on May 15, 2006, upon the following in the manner indicated:

### BY HAND

> Frederick L. Cottrell
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899

### BY FEDERAL EXPRESS

> Mark A. Samuels
> O'Melveny & Meyers LLP
> 400 South Hope Street
> Los Angeles, CA 90071

> */s/ Rodger D. Smith II*
> Rodger D. Smith II (#3778)
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347
> (302) 658-9200
> rsmith@mnat.com

# EXHIBIT E



# O'MELVENY & MYERS LLP

## MEMORANDUM

| | |
|---|---|
| **TO:** | File |
| **FROM:** | Jeffrey A. Fehervari |
| **DATE:** | August 11, 2006 |
| **SUBJECT:** | **Telephone Message from Iian Jablon**<br>**Friday, August 11, 2006 at approximately 2:00 p.m.**<br>(756048-6) |

Hi Jeff, this is Iian Jablon from Irell & Manella, calling about the Nuance/Tellme case. It's a little after 2:00 on Friday afternoon, getting back to you about our call yesterday. I suspect it will not come as a surprise to you but Tellme is not willing to bifurcate the case and do the first part in November or December which I think was the last proposal that Nuance had put on the table. We're going to propose that the panel stick with the April date unless there's another date that is close to that in March or early April that works for everybody, and it sounds like from what was said at the preliminary hearing that there isn't an earlier date that's available for the panel. So, anyway, that will be our position. If you guys have come up with a schedule that you're going to propose next week, I'd appreciate if you would let me know. I'm going to be in meetings most of this afternoon but you can either leave me a voicemail or shoot me an email, and I'd appreciate that. My number is 310-203-7187. Thank you.

JAF/dd

# EXHIBIT F

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NUANCE COMMUNICATIONS, INC., a )
Delaware corporation, and PHONETIC )
SYSTEMS LTD., an Israeli corporation, )
                                      )
                    Plaintiffs, )
                                      )
             vs.                     )      C. A. No. 06-105-SLR
                                      )
TELLME NETWORKS, INC., a Delaware )     **Jury Trial Demanded**
corporation,                              )
                                      )
                   Defendant. )

## ORDER

The Court having considered Plaintiff's Motion for Rule 16 Scheduling Conference,

IT IS HEREBY ORDERED, this _____ day of September, 2006, that a Rule 16

scheduling conference shall be held on _____, 2006.    The parties shall

submit their proposed scheduling order(s) two business days prior to the conference.


_____
United States District Judge