IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NUANCE COMMUNICATIONS INC., and PHONETIC SYSTEMS LTD., <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>TELLME NETWORKS, INC., <br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 06-105-SLR<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT TELLME NETWORKS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR RULE 16 SCHEDULING CONFERENCE

　　　　　　　　　　　　　　　　　　MORRIS, NICHOLS, ARSHT & TUNNELL LLP
　　　　　　　　　　　　　　　　　　Jack B. Blumenfeld (#1014)
　　　　　　　　　　　　　　　　　　Rodger D. Smith II (#3778)
　　　　　　　　　　　　　　　　　　1201 N. Market Street
　　　　　　　　　　　　　　　　　　Wilmington, DE 19899-1347
　　　　　　　　　　　　　　　　　　(302) 658-9200
　　　　　　　　　　　　　　　　　　　Attorneys for Defendant Tellme Networks, Inc.

OF COUNSEL:

Morgan Chu
Jonathan S. Kagan
Iian D. Jablon
IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
(310) 277-1010

September 18, 2006

## I.  INTRODUCTION

On May 15, 2006, briefing closed on defendant Tellme Networks, Inc.'s ("Tellme") motion to stay this action until the resolution of a pending arbitration between Tellme and Nuance USA Communications, Inc. ("Nuance USA"), a corporate affiliate of plaintiffs Nuance Communications, Inc. and Phonetic Systems, Ltd. (collectively, "Nuance"). As explained in Tellme's motion to stay, there is substantial overlap and interrelationship between the issues in dispute in the arbitration and the issues in dispute in this case. For example, the Arbitration Panel will decide whether Nuance USA is required to defend and indemnify Tellme against the claims asserted by Nuance in this case.

Nuance now contends that the Court should set a Rule 16 scheduling conference and permit Nuance to commence discovery before the Court has ruled on Tellme's pending motion to stay. Nuance is wrong. As numerous courts have recognized, it would make no sense to proceed with discovery until the Court has ruled on the threshold issue of whether this action should be stayed pending resolution of the separate arbitration. E.g., Ross v. Bank of America, N.A., 2006 WL 36909, *1 (S.D.N.Y. 2006) (staying discovery pending resolution of motion to stay claims in favor of arbitration); Intertec Contracting A/S v. Turner Steiner Int'l, S.A., 2001 WL 812224, *7 (S.D.N.Y. 2001) ("As is the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel arbitration was pending before the Court."); Brockmeyer v. May, 1999 WL 191547, *2 (S.D.N.Y. 1999) ("The Court issued a stay of all discovery in this action . . . until the motion to stay pending arbitration was decided.").

Nuance's motion also fails because the factual premise on which it relies -- that Tellme is purportedly "delaying" the arbitration -- is simply not true. As explained below, on July 31, 2006, Nuance USA's counsel in the arbitration (who also represent Nuance in this

matter) represented both to Tellme and to the Arbitration Panel that Nuance USA doubted it would be prepared to begin the arbitration hearing until early 2007. Tellme agreed with that assessment. Accordingly, the parties **mutually agreed** (together with the Arbitration Panel) to set the arbitration for hearing beginning on April 16, 2007. That agreement was formalized in an order entered by the Arbitration Panel on August 1, 2006. Shortly thereafter, Nuance USA did an about-face and demanded that Tellme agree to bifurcate the arbitration and try certain claims in November or December 2006 (notwithstanding the fact that Nuance USA refused to permit Tellme to begin serving discovery in the arbitration until the end of August). Tellme rejected Nuance USA's demand as unworkable and untimely, as did the Arbitration Panel Chair. Nuance now argues that Tellme is unwilling to accelerate the arbitration hearing from the date that all parties -- including the three arbitrators from the Panel -- agreed was the first available date for the arbitration. If Nuance truly believed that the April 2007 hearing date was somehow prejudicial to its rights, or that an earlier date were available, its counsel would not have agreed to that date only a few weeks ago.

Tellme respectfully submits that Nuance's motion is without merit, and that this action (including all discovery) should be stayed until the resolution of the arbitration between Tellme and Nuance USA that is scheduled to begin on April 16, 2007.

## II.     STATEMENT OF RELEVANT FACTS

On March 31, 2006, Tellme filed a motion to stay this action pending the resolution of the arbitration between Tellme and Nuance USA pending in California. The parties agreed to mutual extensions of time to file their respective response briefs in connection with Tellme's motion to stay, and as a result briefing was not closed until May 15, 2006.

In June 2006, Tellme and Nuance USA[1] selected a panel to preside over their arbitration. On July 31, 2006, Tellme and Nuance USA participated in a preliminary hearing before the Arbitration Panel. Declaration of Iian D. Jablon ("Jablon Decl."), ¶ 3.

During the July 31, 2006 preliminary hearing, the Arbitration Panel Chair asked Nuance USA's counsel when the arbitration would be ready for a hearing on the merits. Jablon Decl., ¶ 4. Nuance USA's counsel responded that Nuance USA doubted that the case would be ready for hearing by the end of 2006, and that the parties should "shoot for the beginning of 2007" for the hearing. Id.; see also Declaration of Jonathan S. Kagan ("Kagan Decl."), ¶ 3. Nuance USA's counsel also estimated that the arbitration hearing would take approximately two weeks. Jablon Decl., ¶ 4; Kagan Decl., ¶ 3. Tellme agreed with Nuance USA's assessment that the hearing would take approximately two weeks, and that the matter would not be ready for hearing until early 2007. Id.

The Arbitration Panel informed the parties that its first availability in 2007 for a two-week hearing would be in early April 2007. Jablon Decl., ¶ 5; Kagan Decl., ¶ 4. Tellme indicated that the early April date was acceptable. Id. Nuance USA, however, indicated that it wanted to push the hearing back to mid-April so as not to interfere with its counsel's holiday vacation schedule. Id. Tellme did not oppose Nuance USA's request, and the Panel also agreed. Id. Accordingly, on August 1, 2006, the Panel issued a Scheduling Order setting the arbitration hearing for April 16, 2007. Id.

---

[1] For the Court's convenience, Tellme refers to Nuance USA and Nuance herein as if they were separate entities. In fact, however, as pointed out in Tellme's motion to stay, Nuance USA and Nuance Communications are effectively identical, sharing the same CEO, the same General Counsel, the same outside counsel, and also sharing the same goals in the pending disputes with Tellme.

- 3 -

On July 31, 2006, the same date as the preliminary hearing, Nuance's counsel sent Tellme a letter indicating that Nuance wished to initiate discovery proceedings in this action. Jablon Decl., ¶ 6; Kagan Decl., ¶ 5. That letter marked the first time since this lawsuit was filed in February 2006 that Nuance has suggested that the parties initiate discovery activity. Id. Tellme promptly responded to Nuance on August 2, 2006 that discovery in this action is premature until the Court rules upon Tellme's pending motion to stay. Id.

Counsel for Tellme and Nuance USA then met and conferred on August 8, 2006 to discuss discovery issues relating to the arbitration. Jablon Decl., ¶ 7. During that call, Nuance USA announced that because Tellme had refused Nuance's request to commence discovery in the patent case, Nuance USA had decided that it wanted to accelerate the arbitration schedule. Id. Specifically, Nuance USA indicated that it wanted Tellme to agree to bifurcate the arbitration into two (or more) hearings, with Tellme's indemnification claim to be heard in or about November 2006, and the remainder of the parties' claims to be heard in April 2007. Tellme conferred with Nuance USA about its proposed changes to the schedule, but the parties were unable to agree on new dates.[2] Id., ¶ 8.

Nuance USA then submitted a written request to the Arbitration Panel Chair asking to bifurcate and/or accelerate the arbitration hearing date on the basis that Tellme was refusing to allow Nuance to conduct discovery in the patent case. Jablon Decl., ¶ 10; Kagan Decl. ¶ 6. During a hearing on August 21, 2006, the Panel Chair indicated that Nuance USA had not shown good cause for altering the hearing schedule agreed to by the parties on July 31, and

---

2   Tellme indicated to Nuance USA that one of the problems with Nuance USA's demand to accelerate the arbitration schedule was that no discovery had yet been taken in the arbitration, and Nuance USA (the nominal plaintiff in the arbitration) had proposed that neither side be permitted to begin serving any discovery until the end of August 2006. Jablon Decl., ¶ 8. Tellme requested that Nuance USA agree to allow discovery to be served sooner, and Nuance USA refused. Id.

- 4 -

denied Nuance USA's request. Id. The Panel Chair also indicated that Nuance USA was free to re-raise the issue with the entire Panel if it so chose. Id. To date, Nuance USA has made no such request to the Panel. Id.

During the August 21 hearing, Tellme offered to stipulate that any discovery taken during the arbitration could also be used in this patent case. Jablon Decl., ¶ 10; Kagan Decl., ¶ 6. Nuance refused. Id.

On August 29, 2006, the Panel Chair issued a written Order denying Nuance USA's request to accelerate the arbitration. Jablon Decl., ¶ 11. On September 1, 2006, Nuance filed this motion for a Rule 16 scheduling conference.

### III.  DISCUSSION

Although styled as a "Motion for Rule 16 Scheduling Conference," Nuance's motion is in fact a request for leave to conduct discovery pending the Court's ruling upon Tellme's motion to stay. Nuance cites three purported reasons in support of its conclusion that discovery should commence immediately, each of which lacks merit:

First, Nuance argues that Tellme has "engaged in [a] strategy of delaying the resolution of the California Arbitration," and suggests that Tellme intentionally misled the Court by representing in its motion to stay that the arbitration "is likely to be completed by late 2006 or early 2007" (D.I. 28 at 5). This argument is totally baseless. The facts set forth in Section II above demonstrate that the April 2007 hearing date was **agreed to by Nuance's counsel only a few weeks ago**, and was accepted by the Arbitration Panel.[3] Indeed, Tellme actually wanted to

---

[3]   It bears repeating that the attorneys who represent Nuance USA (and who agreed to the April 16, 2007 hearing date) in the arbitration are the same attorneys who are now contending, on behalf of Nuance, that Tellme has improperly delayed the arbitration. Jablon Decl., ¶ 12.

commence the arbitration sooner and agreed to push it back to April 16, 2007 at Nuance USA's request. Jablon Decl., ¶¶ 4-5; Kagan Decl., ¶¶ 3-4. Moreover, even assuming for the sake of argument that Tellme had somehow unilaterally imposed the April 2007 hearing date on Nuance USA (which Tellme did not), that date is in no way inconsistent with Tellme's representation to this Court back in May that the arbitration is likely to be completed by early 2007.

Second, Nuance argues that since this Court is going to deny Tellme's motion to stay anyway, the parties should start discovery as soon as possible (D.I. 28 at 5). Tellme obviously disagrees with Nuance's self-serving prediction of this Court's ruling on the motion to stay. Indeed, Tellme respectfully submits that the fact that the arbitration hearing is now set for a date certain (April 16, 2007) that was mutually agreed to by the parties is yet another reason in support of granting Tellme's motion to stay. In any event, however, substantial authority supports the conclusion that discovery should be stayed until the Court decides the motion to stay -- regardless of what the Court's ultimate ruling will be. E.g., Ross, 2006 WL 36909, *1; Intertec Contracting A/S, 2001 WL 812224, *7; Brockmeyer, 1999 WL 191547, *2; see also D. Del. L.R. 16.3 (noting that proceedings to compel arbitration are exempt from Fed. R. Civ. P. 16(b)).

Third, Nuance argues that "the continuing delay of discovery will unavoidably impact the recollection of witnesses and may also affect the availability of documents (such as e-discovery) necessary to prove Plaintiffs' patent infringement claims" (D.I. 28 at 5). Nuance offers no factual or legal support for its contention that postponing discovery for a few months until the arbitration concludes in April or May 2007 will "unavoidably impact the recollection of witnesses." If Nuance truly believed that this brief delay would impact witness recall or the

availability of documents, it is safe to assume that Nuance would not have rejected Tellme's recent offer to stipulate that discovery taken in the arbitration can also be used in this case.

## IV.    CONCLUSION

For all the foregoing reasons, Tellme respectfully requests that the Court deny Nuance's motion and that the Court stay this action pending completion of the concurrent arbitration between Tellme and Nuance USA, which is scheduled to begin on April 16, 2007.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
Wilmington, DE  19899-1347
rsmith@mnat.com
(302) 658-9200
    Attorneys for Defendant Tellme Networks, Inc.

OF COUNSEL:

Morgan Chu
Jonathan S. Kagan
Iian D. Jablon
IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA  90067-4276
(310) 277-1010

September 18, 2006

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 18, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Frederick L. Cottrell
>Richards, Layton & Finger

I also certify that copies were caused to be served on September 18, 2006, upon the following in the manner indicated:

### BY HAND

>Frederick L. Cottrell
>Richards, Layton & Finger
>One Rodney Square
>P.O. Box 551
>Wilmington, DE  19899

### BY FEDERAL EXPRESS

>Mark A. Samuels
>O'Melveny & Meyers LLP
>400 South Hope Street
>Los Angeles, CA  90071

>*/s/ Rodger D. Smith II*
>Rodger D. Smith II (#3778)
>Morris, Nichols, Arsht & Tunnell LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE  19899-1347
>(302) 658-9200
>rsmith@mnat.com