IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NUANCE COMMUNICATIONS INC., and PHONETIC SYSTEMS LTD., <br><br>   Plaintiffs, <br><br>  v. <br><br>TELLME NETWORKS, INC., <br><br>   Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 06-105-SLR <br> ) <br> ) <br> ) <br> ) <br> ) |

### DECLARATION OF IIAN D. JABLON IN OPPOSITION TO NUANCE'S MOTION FOR RULE 16 SCHEDULING CONFERENCE

I, Iian D. Jablon, declare as follows:

1. I am an attorney at Irell & Manella LLP, outside counsel for Tellme Networks, Inc. ("Tellme") in connection with this patent infringement action filed against Tellme by Nuance Communications, Inc. and Phonetic Systems, Ltd. (collectively, "Nuance") and the related arbitration involving Tellme and Nuance Communications USA, Inc. ("Nuance USA"). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. On March 31, 2006, Tellme filed a motion to stay this action pending the resolution of the arbitration between Tellme and Nuance USA that is currently pending in California. The parties agreed to mutual extensions of time to file their respective response briefs in connection with Tellme's motion to stay, and as a result briefing was not closed until May 15, 2006.

3. In June 2006, Tellme and Nuance USA selected a panel to preside over their arbitration. On July 31, 2006, Tellme and Nuance USA participated in a preliminary hearing before the Arbitration Panel. Tellme was represented at the preliminary hearing by me, my colleague Jonathan Kagan (also outside counsel for Tellme), Lisa Berry (Tellme's General Counsel), and David Clark (Tellme's in-house patent counsel). Nuance USA was represented at the preliminary hearing by Dale Cendali and Jeffrey Fehervari of O'Melveny & Myers LLP (counsel of record for Nuance in this action), and Ed Ross (who I understand to be a representative of Nuance).

4. During the July 31, 2006 preliminary hearing, the Arbitration Panel Chair asked Nuance USA's counsel (Dale Cendali) when the arbitration would be ready for a hearing on the merits. Ms. Cendali responded that Nuance USA doubted that the case would be ready for hearing by the end of 2006, and that the parties should "shoot for the beginning of 2007" for the hearing (or words to that effect). Ms. Cendali also stated that she estimated that the arbitration hearing would take approximately two weeks. My colleague Mr. Kagan then spoke on behalf of Tellme. He agreed with Nuance USA's assessment that the hearing would take approximately two weeks, and further agreed that the matter would not be ready for hearing until early 2007.

5. The Arbitration Panel then informed the parties that its first availability in 2007 for a two-week hearing would be in early April 2007. Mr. Kagan indicated on behalf of Tellme that the early April date was acceptable. Ms. Cendali, however, indicated that she wanted to push the hearing back to mid-April so as not to interfere with Nuance USA's counsel's holiday vacation schedule. Tellme did not oppose Ms. Cendali's request, and the Panel also agreed. Accordingly, on August 1, 2006, the Panel issued a Scheduling Order setting the arbitration hearing for April 16, 2007.

6. On July 31, 2006, the same date as the preliminary hearing, Mark Scarsi of O'Melveny & Myers LLP sent Tellme a letter indicating that Nuance wished to initiate discovery in this action. That letter marked the first time since this lawsuit was filed in February 2006 that Nuance has suggested that the parties initiate discovery. Mr. Kagan promptly responded to

Nuance on August 2, 2006 that discovery in this action is premature until the Court rules upon Tellme's pending motion to stay.

7. On August 8, 2006, I met and conferred by telephone with Nuance USA counsel Dale Cendali and Jeff Fehervari to discuss discovery issues relating to the arbitration. During that call, Ms. Cendali announced that because Tellme had refused Nuance's request to commence discovery in the patent case, Nuance USA had decided that it wanted to accelerate the arbitration schedule. Specifically, Nuance USA indicated that it wanted Tellme to agree to bifurcate the arbitration into two (or more) hearings, with Tellme's indemnification claim to be heard in or about November 2006, and the remainder of the parties' claims to be heard in April 2007.

8. During the August 8, 2006 call, I indicated to Nuance USA's counsel that one of the problems with Nuance USA's demand to accelerate the arbitration schedule was that no discovery had yet been taken in the arbitration, and Nuance USA (the nominal plaintiff in the arbitration) had proposed that neither side be permitted to begin serving any discovery until the end of August 2006. I requested that Nuance USA agree to allow discovery to be served sooner. Nuance USA's counsel indicated that they would consider that request and would get back to me, but they never responded. I also indicated during the August 8, 2006 call that another problem with Nuance USA's proposal was that I currently have two trials scheduled to begin in unrelated cases around the end of the year (one in early November 2006, the second in January 2007), and therefore it would be difficult or impossible for me to begin an arbitration in this matter in November or December 2006. In light of these and other issues, I indicated that it was unlikely that Tellme would agree to Nuance USA's proposal, but that Tellme would consider the proposal and provide Nuance USA with a prompt response. I subsequently informed Nuance USA's counsel on August 11, 2006 that Tellme would not agree to bifurcate or substantially advance the arbitration hearing date, but that Tellme would likely agree to advance the arbitration to late March or early April 2007 if Nuance USA so desired.

9. Nuance USA's counsel informed me that one of the reasons Nuance USA wanted to advance the arbitration hearing was that, contrary to what the parties had agreed on July 31, 2006, Nuance USA no longer believed that the arbitration hearing would take two weeks to conduct. I responded that I believed that Tellme's case against Nuance USA would probably take a minimum of six days (and possibly more) to present, but that I doubted that Nuance USA's claims against Tellme would take more than a day or so to present. Accordingly, I agreed that the arbitration might not take a full two weeks, but indicated that it would take a minimum of about seven court days (assuming one day for Nuance USA's affirmative claims) and possibly more.

10. On August 16, 2006, Nuance USA submitted a written request to the Arbitration Panel Chair in which it asked the Chair to bifurcate and/or accelerate the arbitration hearing date on the basis that Tellme was refusing to allow Nuance to conduct discovery in the patent case. The Chair considered Nuance USA's requests (as well as other scheduling issues) at a telephonic hearing on August 21, 2006. Mr. Kagan and I represented Tellme at this hearing, and Nuance USA was again represented by Mark Scarsi and Dale Cendali of O'Melveny & Myers LLP. During the August 21 hearing, the Panel Chair indicated that Nuance USA had not shown good cause for altering the hearing schedule agreed to by the parties on July 31, and denied Nuance USA's request. The Panel Chair also indicated that Nuance USA was free to re-raise the issue with the entire Panel if it so chose. To date, Nuance USA has made no such request to the Panel. Also during the August 21 hearing, Tellme offered to stipulate that any discovery taken during the arbitration could also be used in this patent case. Nuance USA's counsel refused.

11. On August 29, 2006, the Panel Chair issued a written Order that, inter alia, denied Nuance USA's request to accelerate the arbitration. On September 1, 2006, Nuance filed this motion for a Rule 16 scheduling conference.

12. All three of the attorneys (Dale Cendali, Mark Scarsi, and Jeffrey Fehervari) who have appeared for Nuance USA at the July 31, 2006 preliminary hearing and/or the August 21,

2006 follow-up hearing are also listed as counsel of record for Nuance in connection with this motion.

Executed on September 18, 2006, at Los Angeles, California. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____<br>Ian D. Jablon

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 18, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Frederick L. Cottrell
>Richards, Layton & Finger

I also certify that copies were caused to be served on September 18, 2006, upon the following in the manner indicated:

### BY HAND

>Frederick L. Cottrell
>Richards, Layton & Finger
>One Rodney Square
>P.O. Box 551
>Wilmington, DE 19899

### BY FEDERAL EXPRESS

>Mark A. Samuels
>O'Melveny & Meyers LLP
>400 South Hope Street
>Los Angeles, CA 90071

>*/s/ Rodger D. Smith II*
>Rodger D. Smith II (#3778)
>Morris, Nichols, Arsht & Tunnell LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE 19899-1347
>(302) 658-9200
>rsmith@mnat.com