IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NUANCE COMMUNICATIONS INC., and PHONETIC SYSTEMS LTD., <br><br> Plaintiffs, <br><br> v. <br><br> TELLME NETWORKS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) C.A. No. 06-105-SLR ) ) ) ) ) |

### DECLARATION OF JONATHAN S. KAGAN IN OPPOSITION TO NUANCE'S MOTION FOR RULE 16 SCHEDULING CONFERENCE

I, Jonathan S. Kagan, declare as follows:

1. I am an attorney at Irell & Manella LLP, outside counsel for Tellme Networks, Inc. ("Tellme") in connection with this patent infringement action filed against Tellme by Nuance Communications, Inc. and Phonetic Systems, Ltd. (collectively, "Nuance") and the related arbitration involving Tellme and Nuance Communications USA, Inc. ("Nuance USA"). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. In June 2006, Tellme and Nuance USA selected a panel to preside over their arbitration. On July 31, 2006, Tellme and Nuance USA participated in a preliminary hearing before the Arbitration Panel. Tellme was represented at the preliminary hearing by me, my colleague Ian D. Jablon (also outside counsel for Tellme), Lisa Berry (Tellme's General Counsel), and David Clark (Tellme's in-house patent counsel). Nuance USA was represented at the preliminary hearing by (among others) Dale Cendali and Jeffrey Fehervari of O'Melveny &

Myers LLP (counsel of record for Nuance in this action), and Ed Ross (who I understand to be a representative of Nuance).

3. During the July 31, 2006 preliminary hearing, the Arbitration Panel Chair asked Nuance USA's counsel (Dale Cendali) when the arbitration would be ready for a hearing on the merits. Ms. Cendali responded that Nuance USA doubted that the case would be ready for hearing by the end of 2006, and that the parties should "shoot for the beginning of 2007" for the hearing (or words to that effect). Ms. Cendali also stated that she estimated that the arbitration hearing would take approximately two weeks. After Ms. Cendali stated Nuance USA's position, I spoke on behalf of Tellme. I explained that Tellme agreed with both of Nuance USA's positions: (1) that the hearing would take approximately two weeks, and (2) that the matter would not be ready for hearing until early 2007.

4. The Arbitration Panel then informed the parties that its first availability in 2007 for a two week hearing would be in early April 2007. I indicated on behalf of Tellme that the early April date was acceptable. Ms. Cendali, however, asked to delay this date until mid-April so as not to interfere with Nuance USA's counsel's holiday vacation schedule. Tellme did not oppose Ms. Cendali's request, and the Panel also agreed. Accordingly, on August 1, 2006, the Panel issued a Scheduling Order setting the arbitration hearing for April 16, 2007.

5. On July 31, 2006, the same date as the preliminary hearing, Mark Scarsi of O'Melveny & Myers LLP sent Tellme a letter indicating that Nuance wished to initiate discovery proceedings in this action. This letter marked the first time since this lawsuit was filed in February 2006 that Nuance has suggested that the parties initiate discovery activity. I promptly responded to Nuance by letter on August 2, 2006 that discovery in this action is premature until the Court rules upon Tellme's pending motion to stay.

6. On August 16, 2006, Nuance USA submitted a written request to the Arbitration Panel Chair in which it asked the Chair to bifurcate and/or accelerate the arbitration hearing date on the basis that Tellme was refusing to allow Nuance to conduct discovery in the patent case. The Chair considered Nuance USA's requests (as well as other scheduling issues) at a telephonic

hearing on August 21, 2006. Mr. Jablon and I represented Tellme at this hearing, and Nuance USA was again represented by Mark Scarsi and Dale Cendali of O'Melveny & Myers LLP. During the August 21 hearing, the Panel Chair indicated that Nuance USA had not shown good cause for altering the hearing schedule agreed to by the parties on July 31, and denied Nuance USA's request. The Panel Chair also indicated that Nuance USA was free to re-raise the issue with the entire Panel if it so chose. To date, Nuance USA has made no such request to the Panel. Also during the August 21 hearing, Tellme offered to stipulate that any discovery taken during the arbitration could also be used in this patent case. Nuance USA's counsel refused.

7.      On August 29, 2006, the Panel Chair issued a written Order that, inter alia, denied Nuance USA's request to accelerate the arbitration. On September 1, 2006, Nuance filed this motion for a Rule 16 scheduling conference.

Executed on September 18, 2006, at Los Angeles, California. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Jonathan S. Kagan

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 18, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Frederick L. Cottrell
> Richards, Layton & Finger

I also certify that copies were caused to be served on September 18, 2006, upon the following in the manner indicated:

### BY HAND

> Frederick L. Cottrell
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899

### BY FEDERAL EXPRESS

> Mark A. Samuels
> O'Melveny & Meyers LLP
> 400 South Hope Street
> Los Angeles, CA 90071

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com