IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NUANCE COMMUNICATIONS INC., and PHONETIC SYSTEMS LTD., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) C.A. No. 06-105-SLR |
| TELLME NETWORKS, INC., | ) ) **DEMAND FOR JURY TRIAL** |
| Defendant. | ) ) ) |

**DEFENDANT AND COUNTERCLAIMANT TELLME NETWORKS, INC.'S ANSWER AND COUNTERCLAIMS**

Defendant and counterclaimant Tellme Networks, Inc. ("Tellme") hereby answers the Complaint of plaintiffs Nuance Communications, Inc. ("Nuance") and Phonetic Systems Ltd. ("Phonetic") (collectively, "plaintiffs") as follows:

**NATURE OF THE ACTION**

1.  Tellme admits that plaintiffs have alleged that this is an action for patent infringement, but denies each and every remaining allegation of paragraph 1 of the Complaint.

**PARTIES**

2.  Tellme is informed and believes, and on that basis admits, that Nuance is incorporated under the laws of the State of Delaware and has its principal place of business in Burlington, Massachusetts. Tellme is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in paragraph 2 of the Complaint, and on that basis denies same.

3.  Tellme is informed and believes, and on that basis admits, that Phonetic is a wholly-owned subsidiary of Nuance, and that Phonetic is incorporated under the laws of Israel.

Tellme is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in paragraph 3 of the Complaint, and on that basis denies same.

4. Tellme admits that it is incorporated under the laws of the State of Delaware, and that its principal place of business is in Mountain View, California.

## JURISDICTION AND VENUE

5. Tellme admits that the Complaint purports to state claims for patent infringement, and that plaintiffs purport to base jurisdiction on 28 U.S.C. §§ 1331 and 1338(a).

6. Tellme admits that the Complaint purports to base venue in this judicial district pursuant to U.S.C. §§ 1391(b), (c) and 1400(b).

## FIRST CLAIM FOR RELIEF

### (Infringement of the '088 Patent)

7. Tellme admits that U.S. Patent No. 5,033,088 ("the '088 Patent") has the title "Method and Apparatus for Effectively Receiving Voice Input to a Voice Recognition System," that the patent was issued by the United States Patent and Trademark Office (the "PTO"), that the date of issuance of the patent is July 16, 1991, and that a copy of the patent is attached to the Complaint as Exhibit A. Except as expressly admitted, Tellme is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in paragraph 7 of the Complaint, and on that basis denies same.

8. Tellme denies the allegations contained in paragraph 8 of the Complaint.

9. Tellme denies the allegations contained in paragraph 9 of the Complaint.

10. Tellme denies the allegations contained in paragraph 10 of the Complaint.

11. Tellme denies the allegations contained in paragraph 11 of the Complaint.

12. Tellme denies the allegations contained in paragraph 12 of the Complaint.

## SECOND CLAIM FOR RELIEF

### (Infringement of the '630 Patent)

13. Tellme admits that U.S. Patent No. 6,256,630 ("the '630 Patent") has the title "Word-Containing Database Accessing System for Responding to Ambiguous Queries, Including a Dictionary of Database Words, a Dictionary Searcher and a Database Searcher," that the patent was issued by the PTO, that the date of issuance of the patent is July 3, 2001, and that a copy of the patent is attached to the Complaint as Exhibit B. Except as expressly admitted, Tellme is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in paragraph 13 of the Complaint, and on that basis denies same.

14. Tellme denies the allegations contained in paragraph 14 of the Complaint.

15. Tellme denies the allegations contained in paragraph 15 of the Complaint.

16. Tellme denies the allegations contained in paragraph 16 of the Complaint.

17. Tellme denies the allegations contained in paragraph 17 of the Complaint.

18. Tellme denies the allegations contained in paragraph 18 of the Complaint.

## AFFIRMATIVE DEFENSES

As separate affirmative defenses to the Complaint, Tellme alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (NON-INFRINGEMENT)

19. Tellme has not infringed either directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the patents in suit, and has not contributorily infringed, and has not induced infringement of any of the claims of the patents in suit.

## SECOND AFFIRMATIVE DEFENSE

### (INVALIDITY)

20. Each of the patents in suit is invalid for failure to comply with one or more of the conditions and requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE

### (LICENSE)

21. Plaintiffs, through their affiliated company Nuance Communications USA, Inc. ("Nuance USA"), have expressly or impliedly licensed the patents in suit to Tellme. In connection with this and its other affirmative defenses, Tellme alleges on information and belief that plaintiff Nuance and its wholly owned subsidiary Nuance USA share the same chief executive officer, the same business address, Nuance's general counsel takes actions "on behalf of" Nuance USA, and that Nuance USA is so dominated and controlled by Nuance as to be Nuance's alter ego.

## FOURTH AFFIRMATIVE DEFENSE

### (LACHES)

22. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

23. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS)

24. Plaintiffs' claims are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
## (ADEQUATE REMEDY AT LAW)

25. Plaintiffs' claims for injunctive relief are barred due to, among other things, the fact that plaintiffs have an adequate remedy at law.

## EIGHTH AFFIRMATIVE DEFENSE
## (WAIVER)

26. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE
## (PROSECUTION HISTORY ESTOPPEL)

27. On information and belief, plaintiffs' claims are barred by the doctrine of prosecution history estoppel.

## TENTH AFFIRMATIVE DEFENSE
## (STATUTE OF LIMITATIONS)

28. Pursuant to 35 U.S.C. § 286, plaintiffs may not recover damages for any alleged infringement committed more than six years prior to the filing of this action.

## ELEVENTH AFFIRMATIVE DEFENSE
## (FAILURE TO MARK)

29. On information and belief, plaintiffs have failed to follow the marking requirements set forth in 35 U.S.C. § 287. Plaintiffs therefore cannot recover damages for any period prior to the filing of this action.

## TWELFTH AFFIRMATIVE DEFENSE
## (PATENT MISUSE)

30. Plaintiffs' claims are barred, in whole or in part, by the doctrine of patent misuse.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (CONSENT / ACQUIESCENCE)

31. Plaintiffs' claims are barred because plaintiffs consented and/or acquiesced, either directly or through Nuance USA, in the conduct of Tellme alleged in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

32. Plaintiffs' purported claims are barred because they fail to state a claim upon which relief may be granted.

## FIFTEENTH AFFIRMATIVE DEFENSE
## (ADDITIONAL DEFENSES)

33. Tellme has insufficient information or knowledge upon which to form a belief as to whether Tellme may have additional, as yet unstated, affirmative defenses available, and based thereon, Tellme reserves the right to assert any such affirmative defenses in the event that discovery indicates that they are proper.

## COUNTERCLAIMS

Tellme counterclaims against Nuance Communications, Inc. and Phonetic Systems Ltd. and alleges:

## THE PARTIES AND JURISDICTION

1. Counterclaimant Tellme is a Delaware corporation with its principal place of business located in Mountain View, California. Tellme is the provider of the world's largest voice application network. Millions of customers throughout the United States use Tellme's computer automated voice applications to, for example, use their telephones to obtain customer service, connect to directory assistance listings, or obtain stock prices or sports scores.

2. Counterclaim-defendant Nuance Communications, Inc. ("Nuance") is a Delaware corporation with its principal place of business located in Burlington, Massachusetts.

3. Counterclaim-defendant Phonetic Systems Ltd. ("Phonetic") is incorporated under the laws of Israel, and has its principal place of business in either Israel or Massachusetts. Phonetic is a wholly-owned subsidiary of Nuance.

4. The Court has personal jurisdiction over Nuance and Phonetic for these counterclaims because, among other things, Nuance and Phonetic have submitted to the jurisdiction of this Court by filing their Complaint.

5. This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

7. In November 1999, Tellme entered into a "Strategic Partner License and Support Agreement" ("the License Agreement") with an entity called Nuance Communications, a California corporation. Pursuant to the License Agreement, Nuance Communications granted to Tellme a "worldwide, perpetual, fully paid-up, irrevocable . . . license under all of Nuance's intellectual property rights . . . to use, execute, demonstrate, implement, integrate into other software programs, support, maintain, perform services with [Nuance Communications'] software . . . on an Integrated System . . . ." License Agreement, ¶ 2.1.A.i. Tellme is licensed

under the License Agreement to use Nuance's intellectual property to offer services to Tellme's customers, including "the provision of information and content (such as stock quotes, weather reports, news, sports reports, horoscopes, traffic reports, soap opera updates, restaurant recommendations and driving directions) to the public via a software-based telephone interface." License Agreement, ¶ 9.16.A.  The License Agreement defines "Integrated System" to mean "any of [Tellme's] computer/operating system/IVR combination(s) that include and operate Nuance Software."  License Agreement, ¶ 1.5.

    8.    Pursuant to the License Agreement, Nuance Communications also agreed to "offer [Tellme] in the future all Software, modifications, enhancements, new products, and programming-related services no later than the time it makes these available to any other customer or third party, including in alpha, beta, or other early or trial form."  License Agreement, ¶ 2.1.H.  Nuance Communications further agreed to offer Tellme all of Nuance Communications' "future software products . . . at the same discount schedule" set forth in the License Agreement.  License Agreement, ¶ 2.1.H.

    9.    As part of the License Agreement, Nuance Communications represented and warranted that it possessed all necessary rights to enable Tellme to use Nuance Communications' voice recognition software to provide voice application and related services to Tellme's customers.  For example, Nuance Communications warranted that "it owns or has license rights to sublicense the Software and has all necessary intellectual property and other rights, title, and interest to grant the rights set forth herein to [Tellme], free of any claims, liens, or conflicting rights in favor of any third party[.]"  License Agreement, ¶ 6.1.D.  Nuance Communications also agreed to defend and indemnify Tellme against any claim that software "used within the scope of this Agreement infringes any patent, copyright, or trademark or other intellectual property right[.]"  License Agreement, ¶ 7.1.

    10.   The License Agreement provides that its terms shall be "kept confidential" and that any disputes between Tellme and Nuance Communications "shall be conducted under

confidential proceedings." License Agreement, ¶ 9.5 & ¶ 9.12. Nuance Communications further agreed in the License Agreement that neither it nor any of its affiliates would compete with any services offered by Tellme unless Nuance Communications first notified Tellme and discussed with Tellme its intention to compete. License Agreement, ¶ 9.16.

    11. On or about March 10, 2000, Nuance Communications merged with Nuance Communications, Inc. (a Delaware corporation) to form "Nuance Communications, Inc." Nuance Communications, Inc. assumed the License Agreement with Tellme.

    12. The License Agreement had an initial five year term that was automatically renewable each succeeding year thereafter. On or about September 30, 2003, Tellme and Nuance Communications, Inc. agreed to renew the License Agreement for an additional four years (*i.e.*, through September 30, 2007). Moreover, the License Agreement provides that many of its key terms shall survive termination including, for example, Tellme's right to "continue to have the licenses granted on a fully paid-up and perpetual basis including the right to continue using the copies of the Software then in its possession to continue its service." License Agreement, ¶ 5.4.

    13. Since 1999, Tellme has used Nuance's voice recognition software in its voice application products to provide information and content to the public via a software-based telephone interface. Although Tellme's products and services have improved substantially since 1999, all of them have used Nuance's software in materially the same manner.

    14. In or about 2005, Nuance Communications, Inc. developed a product entitled Nuance Directory Assistance Automation ("NDAA") that was designed to compete head-to-head with Tellme in the field of providing directory assistance services. On information and belief, beginning in or about mid-2005, Nuance Communications, Inc. made NDAA software containing one or more of the features allegedly covered by the patents-in-suit available to several of its customers other than Tellme. Tellme learned of the existence of NDAA software during 2005, and requested that Nuance Communications, Inc. make NDAA available

to Tellme as required under the License Agreement. Nuance Communications, Inc. ultimately confirmed that it would make NDAA available to Tellme but, as discussed below, never actually provided NDAA to Tellme.

15. In or about May 2005, Nuance Communications, Inc. announced its intent to merge with a publicly-traded company called "ScanSoft, Inc." After the Nuance/ScanSoft merger was announced, the United States Department of Justice (the "DOJ") made an independent decision to review the proposed merger, including taking the unusual step of issuing a "Request for Additional Information" (a so-called "Second Request"). On information and belief, Nuance/ScanSoft incurred substantial legal expenses in an effort to convince the DOJ that the merger should be allowed to proceed, and the DOJ's review resulted in the closing of the merger being delayed.

16. The Nuance/ScanSoft merger closed on or about September 16, 2005. In connection with the merger, Nuance Communications, Inc. was renamed "Nuance Communications USA, Inc." ("Nuance USA"), ScanSoft, Inc. was renamed "Nuance Communications, Inc." ("Nuance"), and Nuance USA became a wholly-owned subsidiary of Nuance. Though Nuance and Nuance USA are purportedly separate entities, there is substantial identity between them. For example, the two companies share the same chief executive officer, the same business address, Nuance's general counsel writes letters "on behalf of" Nuance USA, and Nuance/Nuance USA share the same outside counsel in this lawsuit and a separately pending arbitration between Tellme and Nuance USA.

17. In or about October 2005, shortly after the Nuance/ScanSoft merger closed, several Tellme representatives were scheduled to participate in a conference hosted by Nuance located in Phoenix, Arizona. Shortly before the conference, a Nuance executive sent Tellme an e-mail stating that Tellme representatives would not be allowed to attend. At least one Tellme representative did not receive this message in time, and traveled to Phoenix expecting to participate in the conference. When he arrived, Nuance refused to allow the Tellme

representative to enter the conference. Instead, the Tellme representative met with the CEO of Nuance/Nuance USA, who stated that Tellme had cost Nuance $5 million in legal fees by responding to the DOJ's request for information in connection with the DOJ's review of the Nuance/ScanSoft merger, and that Nuance was not allowing Tellme personnel to attend the conference.

18. At or around the time of the Nuance/ScanSoft merger, Nuance Communications, Inc. -- which had only recently confirmed that it would provide NDAA software to Tellme -- changed its position, and instead refused to make NDAA available to Tellme. On information and belief, the entity now called Nuance maliciously encouraged or directed the entity now called Nuance USA to breach its agreement to provide NDAA software to Tellme because, among other reasons, Nuance blamed Tellme for the DOJ's decision to review the Nuance/ScanSoft merger, and decided to punish Tellme for supposedly impeding the merger and making the merger more expensive.

19. Nuance's malice towards Tellme continued to grow in the months after the Nuance/ScanSoft merger when (a) Tellme rebuffed Nuance's overtures to acquire Tellme, and (b) it became clear to Nuance that it was going to lose one or more large potential customers to Tellme. In early 2006, only a few days after learning that it was losing a significant potential customer to Tellme, Nuance decided to further injure Tellme by encouraging or directing Nuance USA to manufacture a bogus arbitration demand against Tellme, and then (in breach of the License Agreement) informing Tellme's customers about the arbitration and Nuance USA's purported right to terminate Tellme's licenses to dissuade those customers from doing business with Tellme. To this end, the same day that plaintiffs filed this patent infringement lawsuit against Tellme, Nuance's general counsel sent a letter "on behalf of" Nuance USA purporting to terminate the License Agreement based on a fabricated charge that Tellme had disclosed unidentified confidential information belonging to Nuance USA to a third party. Shortly thereafter, Nuance USA filed an arbitration demand against Tellme relating to the purported

disclosure.  Nuance then sent letters to several significant Tellme customers stating, among other things, that "Tellme materially breached the [License Agreement] by disclosing certain confidential information of [Nuance USA] to a competitor.  [Nuance USA] had no recourse but to terminate its contract with Tellme and institute arbitration proceedings to seek redress for Tellme's actions."  On information and belief, Nuance also made statements to Tellme customers to the effect that Nuance USA had the right to stop Tellme from using Nuance USA's voice recognition software.

### FIRST COUNTERCLAIM
### (TORTIOUS INTERFERENCE WITH CONTRACT)

20. Tellme hereby repeats and incorporates by reference its allegations in Paragraphs 1 through 19 of its Counterclaims as if fully set forth herein.

21. On information and belief, Nuance, with knowledge of Tellme's License Agreement with Nuance USA, intentionally and maliciously interfered with Tellme's rights under the contract by (a) encouraging or directing Nuance USA not to provide NDAA software to Tellme as required by the License Agreement, and (b) discussing Tellme's disputes with Nuance USA, and Nuance USA's purported right to terminate Tellme's licenses to use Nuance USA's software, with Tellme's customers to dissuade them from doing business with Tellme. As a result of Nuance's unjustified interference with the License Agreement, Tellme has been damaged in an amount to be proved at trial.

### SECOND COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### RE U.S. PATENT NO. 5,033,088)

22. Tellme hereby repeats and incorporates by reference its allegations in Paragraphs 1 through 21 of its Counterclaims as if fully set forth herein.

23. Tellme does not make, use, sell or offer to sell, and has not made, used, sold or offered for sale, in the United States any products or services that infringe any valid claim of U.S. Patent No. 5,033,088 ("the '088 Patent"), either directly or indirectly, contributorily or otherwise, and has not induced any others to infringe said patent.

24. Plaintiffs allege that Tellme is infringing the '088 Patent.

25. By reason of the foregoing, an actual controversy exists between Tellme and Plaintiffs as to the infringement of the '088 Patent.

### THIRD COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY
### RE U.S. PATENT NO. 5,033,088)

26. Tellme hereby repeats and incorporates by reference its allegations in Paragraphs 1 through 25 of its Counterclaims as if fully set forth herein.

27. U.S. Patent No. 5,033,088 is invalid under the provisions of Title 35 of the United States Code including, *inter alia*, Sections 101, 102, 103, and/or 112 thereof, and Tellme is entitled to a declaration to that effect.

28. Plaintiffs allege that Tellme is infringing the '088 Patent.

29. By reason of the foregoing, an actual controversy exists between Tellme and plaintiffs as to the validity of the '088 Patent.

### FOURTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### RE U.S. PATENT NO. 6,256,630)

30. Tellme hereby repeats and incorporates by reference its allegations in Paragraphs 1 through 29 of its Counterclaims as if fully set forth herein.

31. Tellme does not make, use, sell or offer to sell, and has not made, used, sold or offered for sale, in the United States any products or services that infringe any valid claim

of U.S. Patent No. 6,256,630 ("the '630 Patent"), either directly or indirectly, contributorily or otherwise, and has not induced any others to infringe said patent.

32. Plaintiffs allege that Tellme is infringing the '630 Patent.

33. By reason of the foregoing, an actual controversy exists between Tellme and Plaintiffs as to the infringement of the '630 Patent.

## DEMAND FOR JURY TRIAL

Tellme hereby demands trial by jury of all issues so triable under the law.

## DEMAND FOR RELIEF

WHEREFORE, Defendant and Counterclaimant Tellme prays for relief as follows:

a. Dismissal of the Complaint in its entirety with prejudice, and that plaintiffs take nothing;

b. A judgment in favor of Tellme and against plaintiffs;

c. A judgment declaring that:

 (i) Tellme has not infringed and does not infringe any valid claim of U.S. Patent No. 5,033,088;

 (ii) U.S. Patent No. 5,033,088 is invalid;

 (iii) Tellme has not infringed and does not infringe any valid claim of U.S. Patent No. 6,256,630.

d. A determination that this case is exceptional under 35 U.S.C. § 285 and awarding Tellme its attorneys' fees and costs;

e. A judgment declaring that Nuance Communications, Inc. tortiously interfered with Tellme's License Agreement with Nuance Communications USA, Inc., and awarding Tellme damages for said tortious interference;

    f.    Tellme's reasonable attorneys' fees and costs; and

    g.    An order awarding Tellme such other relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com

Attorneys for Defendant and Counterclaimant
Tellme Networks, Inc.

OF COUNSEL:

Morgan Chu
Jonathan S. Kagan
Iian D. Jablon
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276
(310) 277-1010

January 15, 2007

668649

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 15, 2007, he caused to be electronically filed DEFENDANT AND COUNTERCLAIMANT TELLME NETWORKS, INC.'S ANSWER AND COUNTERCLAIMS with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Frederick L. Cottrell
> Richards, Layton & Finger

I also certify that copies were caused to be served on January 15, 2007, upon the following in the manner indicated:

### BY EMAIL AND HAND

> Frederick L. Cottrell
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE  19899

### BY EMAIL

> Mark A. Samuels
> O'Melveny & Meyers LLP
> 400 South Hope Street
> Los Angeles, CA  90071

> */s/ Rodger D. Smith II*
> Rodger D. Smith II (#3778)
> rsmith@mnat.com