IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., a Delaware corporation, and PHONETIC SYSTEMS LTD., an Israeli corporation,<br><br>    Plaintiffs and Counter-defendants,<br><br>vs.<br><br>TELLME NETWORKS, INC., a Delaware corporation,<br><br>    Defendant and Counterclaimant. | C.A. No. 06-105-SLR<br><br>**STIPULATED PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCOVERY MATERIALS** |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

1652500

STIPULATED PROTECTIVE ORDER RE
CONFIDENTIALITY OF DISCOVERY MATERIALS

Plaintiffs and Counter-defendants Nuance Communications, Inc. and Phonetic Systems Ltd. (collectively, "Plaintiffs") and Defendant and Counterclaimant Tellme Networks, Inc. ("Tellme") by and through their respective counsel of record, hereby enter into the following Stipulated Protective Order Re Confidentiality of Discovery Materials (the "Protective Order").

1. **PURPOSE**: Discovery in this action will involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this action is warranted. Accordingly, the parties to this Protective Order hereby stipulate that all materials or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, responses to interrogatories or requests for admission, expert witness reports, tangible things, or facilities or other physical locations made available for inspection pursuant to a discovery request in this action) that are produced or generated in disclosures or responses to discovery in this action (or that are used in any hearing or trial in connection with this action) are confidential (all such information hereinafter referred to as "Confidential Information,") and may be used only by the "Parties" and their "Designated Counsel" (as those terms are defined below) for purposes of this action as described more fully below.

2. **DEFINITIONS:**

"**PARTIES**": As used in this Protective Order, the terms "Parties" and "Party" include Tellme Networks, Inc., Nuance Communications, Inc., Phonetic Systems Ltd., and all of their respective officers, directors, employees, retained experts, and attorneys (and their support staff).

"**DESIGNATED COUNSEL**": As used in this Protective Order, the term "Designated Counsel" means attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action. As of the time this Protective Order is executed, O'Melveny & Myers LLP and Richards, Layton & Finger, P.A. are the only Designated Counsel for Nuance Communications, Inc. and Phonetic Systems Ltd., and Irell & Manella LLP and Morris, Nichols, Arsht & Tunnell LLP are the only Designated Counsel for Tellme Networks, Inc.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1652500

- 1 -

STIPULATED PROTECTIVE ORDER RE
CONFIDENTIALITY OF DISCOVERY MATERIALS

1  "**OUTSIDE EXPERTS**": As used in this Protective Order, the term "Outside Experts" means outside experts or consultants retained by a Party or its Designated Counsel in connection with preparation for this action, who are not employees of any Party, provided that the following conditions are met: (1) before any Confidential Information is disclosed to any expert or consultant, that person shall execute and deliver to Designated Counsel for each Party a Confidentiality Agreement in the form attached hereto as Exhibit A; and (2) Designated Counsel for the opposing Party will be served with written notice by first class mail and by facsimile not less than five (5) days before disclosure to any such expert or consultant, together with a current resume for such expert or consultant. Should counsel of record for the opposing Party object to the disclosure of such information to an outside expert or consultant, the opposing Party shall provide written notice of its objection prior to the expiration of the aforementioned five (5) days. If such objection is not informally resolved by the parties hereto, negotiating in good faith, the opposing Party shall have ten (10) days following service of said written notice within which to file a motion to bar such disclosure. No disclosure shall take place until such motion is decided, unless disclosure is ordered by the Court.

"**COPY**": As used in this Protective order the term "Copy" means any reproduction, depiction, or sample of any document, material, tangible thing, audio or video tape, computer disk, or information, regardless of format, by photographic, scanning, imaging, recording, manual input, or other electronic, magnetic, optical, or manual reproduction means.

3.  **DURATION**: This Protective Order shall be effective and binding on the Parties upon execution by counsel for each of the respective Parties. Even after the termination of this action, the confidentiality obligations imposed by this Protective Order shall remain in effect until the Parties mutually agree otherwise in writing or the Court otherwise directs.

4.  **DESIGNATION AND MARKING OF INFORMATION AND MATERIALS PRODUCED DURING DISCOVERY.**

4.1  "**CONFIDENTIAL**." In accordance with this Protective Order, all information, testimony or materials produced during discovery in this matter will be marked with the legend,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1652500

- 2 -

STIPULATED PROTECTIVE ORDER RE
CONFIDENTIALITY OF DISCOVERY MATERIALS

"CONFIDENTIAL – CASE NO. 06-105-SLR," or the equivalent, unless it is marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY," pursuant to section 4.2, below.

Any extract, summary, compilation or other material derived in whole or in part from information marked "CONFIDENTIAL" shall itself be deemed to be CONFIDENTIAL, and the dissemination and use thereof shall be governed by this Protective Order.

4.2  **"CONFIDENTIAL – ATTORNEYS' EYES ONLY."** In accordance with this Protective Order, information, testimony or materials produced by a Party may be marked with the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY – CASE NO. 06-105-SLR," or its equivalent, if the producing Party believes in good faith that such information is sufficiently highly confidential or proprietary that disclosure under the protections afforded to information designated as "CONFIDENTIAL" without further protection, would create an undue risk of prejudice to the producing Party or its business, or that of any related company.

Any extract, summary, compilation or other material derived in whole or in part from information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall itself be deemed to be CONFIDENTIAL – ATTORNEYS' EYES ONLY, and the dissemination and use thereof shall be governed by this Protective Order.

To the extent either Party is required to produce documents or materials which are subject to a confidentiality agreement with a third party, such documents or information may also be so designated.

4.3  Source Code. All source code produced by any Party to this Action shall be produced subject to, and treated in accordance with, the procedures set forth in the Court's "Default Standard For Access to Source Code," a copy of which is attached hereto as Exhibit B. Any information obtained by a Party's representatives during any review of source code as permitted in Exhibit B shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.4  Deposition Testimony. If, during the course of a deposition, any information or materials designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or which qualify for designation as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under section 4.2 above) are used with (whether as an exhibit or otherwise) or elicited from a witness, the portion of the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1652500

- 3 -

STIPULATED PROTECTIVE ORDER RE
CONFIDENTIALITY OF DISCOVERY MATERIALS

transcript in which such information or materials are contained may be designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order. To so designate such portion of a transcript, the witness (or his/her counsel) or Party intending to invoke this Protective Order shall state on the record that the testimony or portion thereof is being designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and the reporter shall place an appropriate legend on each page of the transcript containing such designated testimony and shall bind same separately from any non-designated portions of the deposition transcript.

In the alternative, if such materials are used with or elicited from a witness, any Party may advise all other parties in writing, and with page and line identifications, of the designation of such testimony, within thirty (30) days after receipt of the transcript of a deposition. In order to protect against inadvertent failures to designate sensitive information as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Parties hereby agree that the entire transcript of any deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until two weeks (14 days) after the deposition.

Unless otherwise ordered by the Court, the designating Party shall have the right to have all persons, except the deponent and his/her counsel and such other persons as are permitted under the terms of this Protective Order to have access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, excluded from a deposition during the taking of the testimony so designated pursuant to this Protective Order.

**4.5  Inadvertent Production or Failure to Designate.** In the event that any document or thing qualifying for designation as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is inadvertently produced without the proper designation, the disclosing Party shall identify such document or thing promptly after its inadvertent production is discovered and provide a copy of such document or thing with the proper designation to counsel for the receiving Party, upon receipt of which the receiving Party shall promptly return or destroy all copies of the undesignated document or thing.

In the event that any document or thing containing or constituting privileged attorney-client communications or attorney work product is inadvertently produced, the disclosing Party

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

1652500

- 4 -

STIPULATED PROTECTIVE ORDER RE
CONFIDENTIALITY OF DISCOVERY MATERIALS

1  shall notify the receiving Party promptly after it is discovered that the privileged material was
2  inadvertently produced for inspection or provided, and upon receipt of such notification the
3  receiving Party shall promptly return to Designated Counsel for the disclosing Party any and all
4  copies of such document or thing and thereafter refrain from any use whatsoever, in this case or
5  otherwise of such document or thing.  Nothing herein shall prevent the receiving Party from
6  contending that any such document or thing is not privileged, was not inadvertently produced, that
7  privilege was waived for reasons other than the mere inadvertent production thereof, or any related
8  argument.
9      4.6    **Motion for Relief from Designation**. If, after a Party receives information
10  designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," it appears to the receiving
11  Party that any such information is not entitled to the protection afforded under this Protective
12  Order, such receiving Party shall first notify counsel of record for the designating Party in writing.
13  If, three (3) business days after such notice is given, the parties have been unable to reach an
14  agreement as to whether the information should be treated as "CONFIDENTIAL – ATTORNEYS'
15  EYES ONLY," the receiving Party may then or thereafter submit the matter for decision by the
16  Court or, if applicable, any designated Magistrate Judge.  The designating Party shall bear the
17  burden of proving that the designated information constitutes, contains, reveals, or reflects trade
18  secrets or other highly confidential research, development, commercial, financial or personnel
19  information that relates to the designating Party's business or that was disclosed to it pursuant to a
20  confidentiality agreement with a third party, and that disclosure of the designated information to
21  the other Party under the protection afforded to materials marked "CONFIDENTIAL" under this
22  Order would substantially prejudice the designating Party or its business or would violate an
23  obligation of confidentiality to a third party.  No Party to this action, however, shall be obligated
24  to challenge the propriety of any designation by any other party, and a failure to do so shall not
25  constitute a waiver or in any way preclude a subsequent challenge in this or any other action of the
26  propriety of such designations.
27
28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1652500

- 5 -

STIPULATED PROTECTIVE ORDER RE
CONFIDENTIALITY OF DISCOVERY MATERIALS

5. **ACCESS TO AND USE OF INFORMATION AND MATERIALS PRODUCED DURING DISCOVERY.**

    5.1  **Basic Principles.** The Parties may use materials and/or information produced by any other Party in connection with this case only for the purpose of prosecuting, defending, or attempting to settle this action. Such material and/or information may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Unless compelled by legal process, the Parties may not disclose to any non-parties (except as expressly permitted in this Protective Order) the fact that they have received particular documents or types of information from another Party in connection with this action.

    Information and/or materials produced during discovery must be stored and maintained by a Party receiving the discovery in a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

    5.2  **Disclosure of Material Designated "CONFIDENTIAL."** A Party receiving information and/or materials designated "CONFIDENTIAL" pursuant to this Protective Order may disclose such information and/or materials only to:

    (a)  any Party;

    (b)  the receiving Party's, or any other Party's Designated Counsel, as well as all staff, and clerical and support personnel affiliated with or employed by such Designated Counsel, as well as copy services, translators and other similar vendors providing clerical or administrative support to such Designated Counsel to whom it is reasonably necessary to disclose the information for this action;

    (c)  the officers, directors, and employees (including in-house counsel) of the receiving Party, provided that such disclosure is reasonably necessary for this action;

    (d)  Outside Experts, as well as employees of said experts to whom disclosure is reasonably necessary for this action;

    (e)  the Court and its staff, and any mediators mutually agreed upon by the parties or selected by the Court;

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1652500

- 6 -

STIPULATED PROTECTIVE ORDER RE
CONFIDENTIALITY OF DISCOVERY MATERIALS

1   (f)  court reporters, videographers (and their staffs) providing reporting services in
2 connection with this action; and
3   (g)  any author or prior recipient of the information and/or materials.
4   5.3  **Disclosure of Material Designated "CONFIDENTIAL – ATTORNEYS' EYES**
5 **ONLY."** A Party receiving information and/or materials designated "CONFIDENTIAL –
6 ATTORNEYS' EYES ONLY" pursuant to this Protective Order may disclose such information
7 and/or materials only to:
8   (a)  the receiving Party's, or any other Party's Designated Counsel, as well as all staff,
9 and clerical and support personnel affiliated with or employed by such Designated Counsel, as
10 well as copy services, translators and other similar vendors providing clerical or administrative
11 support to such Designated Counsel to whom it is reasonably necessary to disclose the information
12 for this action;
13   (b)  Outside Experts, as well as employees of said experts to whom disclosure is
14 reasonably necessary for this action;
15   (c)  the Court and its staff, and any mediators mutually agreed upon by the parties or
16 selected by Court;
17   (d)  court reporters, videographers (and their staffs) providing reporting services in
18 connection with this action;
19   (e)  any author or prior recipient of the information and/or materials; and
20   (f)  the officers, directors, and employees (including in-house counsel) of the Party who
21 produced the information and/or materials, provided that any disclosure under (f) is reasonably
22 necessary for this action.
23   6.  **FILING CONFIDENTIAL MATERIALS WITH THE COURT:** If it becomes
24 necessary for any Party to file with the Court any document, or any portion of any document, that
25 another Party has designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES
26 ONLY" under this Protective Order, such document (or portion of such document) shall be filed
27 with the Court under seal. Further, if any Party files with the Court any motion or other pleading
28 that quotes from or otherwise reveals in material part the substance of any document or

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1652500                       - 7 -                    STIPULATED PROTECTIVE ORDER RE
                                                       CONFIDENTIALITY OF DISCOVERY MATERIALS

information that has been designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by another Party, the filing Party shall file (or lodge) the motion or other pleading under seal, and shall redact all material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" from any publicly-filed documents.

If any Party fails to comply with the requirements of the preceding paragraph, or if any Party in good faith believes that it inadvertently failed to designate materials as either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before those materials were filed with the Court, the aggrieved Party of Parties may promptly request that the Court order that the records at issue be sealed. Notice of such request shall be given to all Parties. Nothing in this provision relieves a Party of liability for damages caused by failure to properly file documents containing materials that have been designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7. **RIGHT TO ADVISE CLIENTS:** For the avoidance of doubt, nothing in this Protective Order shall be deemed to prevent Designated Counsel from advising its client(s) in this matter of the general nature of materials that have been marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by another Party, or from advising its client(s) in this matter of the impact of such materials on the claims or defenses at issue in this action, provided that the specific content of any such materials may not be disclosed to the client(s) unless and until the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation is removed.

8. **DISCOVERY MATERIAL SUBPOENAED IN OTHER LITIGATION:** If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or materials produced by another Party during discovery in this action, the Party receiving the subpoena must notify the Party that produced the material at issue, in writing (by fax, if possible) no more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The purpose of imposing these duties is to afford the producing Party an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1652500

- 8 -

STIPULATED PROTECTIVE ORDER RE
CONFIDENTIALITY OF DISCOVERY MATERIALS

9. **FINAL DISPOSITION**: Upon the conclusion of this action, including exhaustion of any appeals, each Designated Counsel shall: (a) within thirty (30) days return to counsel of record for the designating Party all Confidential Information, and all Copies made of such materials; and (b) within thirty (30) days destroy or see to the destruction of all materials related to Confidential Information, including, but not limited to notes, analyses, memoranda or reports provided to or by other persons, and certify to the Designated Party that such destructions have been done. As an exception to the above, Designated Counsel may retain a single file Copy of any document filed with the Court, a Copy of any written discovery response, a Copy of any memoranda or analysis prepared by Designated Counsel that refers to or summarizes Confidential Information, and a transcript of any testimony, along with all exhibits to that transcript. The Copy of these retained documents shall be treated as information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", and counsel of record shall immediately notify opposing counsel of record of any attempt by third parties to inspect or Copy said documents. Absent written modification by the Parties, the provisions of this Protective Order that restrict the disclosure and use of Confidential Information shall survive the final disposition of this matter and continue to be binding on all persons and entities subject to the terms of this Protective Order.

10. **RIGHT TO ASSERT OTHER OBJECTIONS**: No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the materials covered by this Order.

11. **NO WAIVER**: By entering into this Protective Order, no Party waives its right to use in any manner any materials and/or information that were already in the Party's possession prior to the execution of this Protective Order, or that it lawfully obtains from sources other than the producing Party at any time. Similarly, by entering into this Protective Order and by producing materials and/or information in this action, no Party waives any claim of attorney-client privilege, attorney work product, or joint defense privilege.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1652500

- 9 -

STIPULATED PROTECTIVE ORDER RE
CONFIDENTIALITY OF DISCOVERY MATERIALS

12. **VIOLATION OF ORDER**: The Parties hereby stipulate that the Court shall have jurisdiction over any alleged violation of this Order, and shall have the power to award appropriate relief for any violation hereof, including, but not limited to, injunctive relief, monetary sanctions, evidentiary sanctions, and/or issue preclusion sanctions, including injunctive relief against any Party, person or entity violating or threatening to violate this Protective Order. The Party, person or entity committing or threatening to commit such violation shall not argue or otherwise employ as a defense that the designating Party has an adequate remedy at law. The prevailing Party in any dispute concerning a violation of the Protective Order shall be entitled to recover its reasonable attorneys' fees and costs incurred enforcing the Protective Order from the non-prevailing Party, person or entity.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: March 9, 2007

IRELL & MANELLA LLP

By: _____
Ian D. Jablon

Attorneys for Defendant and Counterclaimant Tellme Networks, Inc.

Dated: March 9, 2007

O'MELVENY & MYERS LLP

By: _____
Mark C. Scarsi

Attorneys for Plaintiffs and Counter-defendants Nuance Communications, Inc. and Phonetic Systems Ltd.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1652500

- 10 -

STIPULATED PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCOVERY MATERIALS

| | |
|---|---|
| RICHARDS LAYTON & FINGER, P.A. | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| /s/ Gregory E. Stuhlman | /s/ Rodger D. Smith II |
| Frederick L. Cottrell, III (#2555)<br>Gregory E. Stuhlman (#4765)<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>*Attorneys for Plaintiffs Nuance Communications, Inc. and Phonetic Systems Ltd.* | Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-200<br>*Attorneys for Defendant Tellme Networks, Inc.* |

SO ORDERED this _____ day of _____, 2007.

_____
United States District Court Judge

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1652500   - 10a -   STIPULATED PROTECTIVE ORDER RE
CONFIDENTIALITY OF DISCOVERY MATERIALS

## ACKNOWLEDGEMENT

Although it is not a party to the above-entitled action, Nuance Communications LLC, a subsidiary of Nuance Communications, Inc., hereby agrees to be bound by the terms of the foregoing Protective Order with respect to its receipt of any confidential information thereunder.

*[signature]*

Jo-Anne Sinclair, Esq.
Vice President and General Counsel,
Nuance Communications, Inc., on behalf of Nuance
Communications LLC

# EXHIBIT A
## CONFIDENTIALITY AGREEMENT

I, _____, declare under penalty of perjury under the laws of the United States and California that:

1. My address is _____

_____.

2. My present employer is _____

_____.

3. My present occupation or job description is _____

_____.

4. I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order in the matter of Nuance Communications, Inc. and Phonetic Systems Ltd. v. Tellme Networks, Inc., Case No. 06-105-SLR; that I will not use any of the contents of any Confidential Information that I receive in connection with this matter except in connection with my work on this case; that I will not disclose to anyone any of the contents of any Confidential Information received under the protection of the Protective Order except as expressly permitted under the Protective Order; and that I shall comply with and be bound by the terms and conditions of the Protective Order.

5. I understand and agree that, pursuant to the Protective Order, I am required to retain all Copies of any of the materials that I receive that have been so designated as containing Confidential Information in a container, cabinet, drawer, room or other safe place in a manner consistent with this Protective Order, that all Copies are to remain in my custody until they are to be returned or destroyed as specified in the Protective Order. I acknowledge that such return or the destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Protective Order.

Dated: _____    _____
                                (Signature)

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1652500                          - 12 -          STIPULATED PROTECTIVE ORDER RE
                                                 CONFIDENTIALITY OF DISCOVERY MATERIALS

### EXHIBIT B

### DEFAULT STANDARD FOR ACCESS TO SOURCE CODE

Absent agreement among the parties, the following procedures shall apply to ensure secure access to source code:

1. A single electronic copy of source code or executable code shall be made available for inspection on a stand-alone computer.

2. The stand-alone computer shall be password protected and supplied by the source code provider.

3. The stand-alone computer shall be located with an independent escrow agent, with the costs of such to be shared by the parties. If the parties cannot agree on such an agent, each party shall submit to the court the name and qualifications of their proposed agents for the court to choose.

4. Access to the stand-alone computer shall be permitted, after notice to the provider and an opportunity to object, to two (2) outside counsel representing the requesting party and two (2) experts retained by the requesting party, all of whom have been approved under the protective order in place. No one from the provider shall have further access to the computer during the remainder of discovery.

5. Source code may not be printed or copied without the agreement of the producing party or further order of the court.

6. The source code provider shall provide a manifest of the contents of the stand-alone computer. This manifest, which will be supplied in both printed and electronic form, will list the name, location, and MD5 checksum of every source and executable file escrowed on the computer.

7. The stand-alone computer shall include software utilities which will allow counsel and experts to view, search, and analyze the source code. At a minimum, these utilities should provide the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, and (d) compute the MD5 checksum of a file.

8. If the court determines that the issue of missing files needs to be addressed, the source code provider will include on the stand-alone computer the build scripts, compilers, assemblers, and other utilities necessary to rebuild the application from source code, along with instructions for their use.