# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

STEVEN J. FINEMAN

DIRECT DIAL NUMBER
302-651-7592
FINEMAN@RLF.COM

June 1, 2007

**VIA E-FILING AND HAND DELIVERY**
The Honorable Sue L. Robinson
United States District Court
District of Delaware
844 King Street
Wilmington, DE   19801

      Re:  *Nuance Communications, Inc., et al. v. Tellme Networks, Inc.*,
           C.A. No. 06-105-SLR

Dear Chief Judge Robinson:

In anticipation of the Rule 16 teleconference scheduled for Tuesday, June 5 at 8:00 a.m., the parties have discussed a proposed Rule 16 Scheduling Order. Enclosed is the product of those discussions. Where the parties have disagreed, they have inserted each party's position in brackets. In the interim, if the Court has any questions or comments, undersigned counsel remains available at the Court's convenience.

Respectfully,

Steven J. Fineman ( #4025)

SJF/afg
Enclosure

cc:    Steven J. Balick, Esquire (w/e) (By CM/ECF)
       Eugene M. Gelernter, Esquire (w/e) By Federal Express
       Dale M. Cendali, Esquire (w/e) (By Email)
       Mark C. Scarsi, Esquire (w/e) (By Email)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NUANCE COMMUNICATIONS, INC., a Delaware corporation, and PHONETIC SYSTEMS LTD., an Israeli corporation, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 06-105-SLR |
| vs. | ) ) ) | |
| TELLME NETWORKS, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) | |

**O R D E R**

At Wilmington this ___ day of June, 2007, the Parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

1.  **Pre-Discovery Disclosures.** The Parties will exchange by [Plaintiffs: June 8, 2007] [Defendant: July 1, 2007] the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.  **Discovery.**

    (a) Discovery will be needed on the following subjects: Plaintiffs' claims of infringement, willfulness and damages and Defendant's claims and/or counterclaims of non-infringement, invalidity, laches, estoppel, unclean hands, adequate remedy at law, waiver, prosecution history estoppel, statute of limitations, failure to mark, patent misuse, consent/acquiescence, failure to state a claim, and unenforceability.

    (b) All fact discovery shall be commenced in time to be completed by [Plaintiffs: August 20, 2007] [Defendant: March 21, 2008].

    (1) Document production shall be completed on or before [Plaintiffs: July 13, 2007] [Defendant: October 31, 2007].

(2) Maximum of 25 interrogatories by each party to any other party.

(3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4) Maximum of 35 requests for admission by each party to any other party.

(5) In the absence of agreement among the parties or by order of the Court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the scheduled date for completion of document production.

(6) Maximum of 70 hours for fact depositions for each side, each deposition being limited to 7 hours except for the named inventors, whose deposition shall be limited to 14 hours.

(c) Expert discovery shall be commenced in time to be completed by [Plaintiffs: September 30, 2007] [Defendant: June 27, 2008].

(1) Expert reports on issues for which the parties have the burden of proof due [Plaintiffs: August 24, 2007] [Defendant: April 18, 2008]. Rebuttal expert reports due [Plaintiffs: September 14, 2007] [Defendant: May 16, 2008].

(2) Expert depositions to be limited to a maximum of 7 hours per expert unless extended by agreement of the parties.

(3) All Daubert motions shall be filed on or before [Plaintiffs: October 5, 2007] [Defendant: July 18, 2008].

(d) [Plaintiffs: If willfulness has been asserted and absent agreement among the parties, Defendant must inform Plaintiffs as to whether it intends to rely on advice of counsel by June 30, 2007. If the decision is to rely on

such advice, the scope of discovery shall include the materials provided by Defendant to its counsel and whatever other materials related to the issues in dispute that Defendant had in its possession at the time the advice was sought.] [Defendant: Discovery related to willful infringement shall be stayed. Following the *en banc* decision in *In re Seagate Technology, LLC* by the United States Court of Appeals, each party shall have fourteen (14) calendar days to submit proposals on how willful infringement discovery shall be conducted.]

(e) Supplementations under Rule 26(e) due [Plaintiffs: August 24, 2007 and September 25, 2007] [Defendant: February 22, 2008].

(f) **Discovery Disputes**:

(1) The Court shall conduct in-person discovery status conferences on [Plaintiffs: July 13, 2007 from 4 p.m. to 5 p.m. and on August 20, 2007 from 4 p.m. to 5 p.m.] [Defendant: September 18, 2007 at 5 p.m.], the time to be allocated equally among the parties. **No motions to compel or motions for protective order shall be filed absent approval of the court.**

(2) The Court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been

3

deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the Court upon good cause shown.

3. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before [Plaintiffs: June 29, 2007] [Defendant: February 22, 2008].

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on [Plaintiffs: July 13, 2007] [Defendant: April 4, 2008], the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the Court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before [Plaintiffs: October 10, 2007] [Defendant: July 18, 2008]. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days before the above date without leave of Court.

7. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary definition.

The parties shall agree upon and file the Joint Claim Construction Statement on [Plaintiffs: September 20, 2007] [Defendant: July 2, 2008], with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on [Plaintiffs: September 24, 2007] [Defendant: July 18, 2008]. Simultaneous response briefs should be filed by [Plaintiffs: October 5, 2007] [Defendant: August 15, 2008]. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on

the claim construction and motion(s) for summary judgment will be heard on [Plaintiffs: November 21, 2007] [Defendant: September 15, 2008] at 10:00 a.m.

    8.    **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The Court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the Court.

    (a)    **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

    (b)    No telephone calls shall be made to chambers.

    (c)    Any party with an **emergency** matter requiring the assistance of the Court shall e-mail chambers utilizing the "E-Mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

    9.    **Motions in Limine. No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

    10.    **Pretrial Conference.** A pretrial conference will be held on [Plaintiffs: January 8, 2008] [Defendant: November 14, 2008], at 1:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

    11.    **Trial.** This matter is scheduled for a [Plaintiffs: one week] [Defendant: two week] jury trial commencing on [Plaintiffs: January 29, 2008, or as soon thereafter as the Court's calendar can accommodate] [Defendant: December 1, 2008, or as soon thereafter as the Court's calendar can accommodate] in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

 

_____
United States District Judge