IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NUANCE COMMUNICATIONS INC.<br>and PHONETIC SYSTEMS LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>TELLME NETWORKS INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Civ. No. 06-105-SLR<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

At Wilmington this 20th day of April, 2010, having heard argument on, and having reviewed the papers submitted in connection with, the parties' proposed claim construction;

IT IS ORDERED that the disputed claim language of U.S. Patent No. 5,033,088 shall be construed consistent with the tenets of claim construction set forth by the United States Court of Appeals for the Federal Circuit in Phillips v. AWH Corp., 415 F.3d 1303 (Fed. Cir. 2005), as follows:

1. "**[A]utomation:**" "Without using a human attendant." This construction is consistent with the specification, which notes that "[m]ost caller phone calls will be serviced . . . without the need of a human attendant." (col. 3:52-54) Claims 3 and 5 maintain this distinction, disclosing means for a human attendant to "manually" input information into the speech recognition system if the information has not been recognized by the system.

2. "**[R]eliably recognized:**" "Meets the recognition criteria of the particular

system." The term "reliably recognized" does not appear in the specification, nor did this term receive much attention during prosecution. The specification mandates a less stringent construction than plaintiff's proposal that "reliably recognized" refers to "accurately recognized so that correct information is received and processed." In one exemplary embodiment, the specification describes a situation where "the speech recognition device is unable to satisfactorily identify information presented by the caller." (col. 1:21-24) In another preferred embodiment, the speech recognizer may "calculate and assign a probability of correctness to its estimate of information spoken by the caller . . . ." (col. 2:45-51) While the specification emphasizes the importance of correct information, the exemplary embodiments do not require it, and reliable and correct are two different concepts. Accordingly, the discussion of the recognition features by the specification contemplates a level of reliability which is relative to the given system.

3. "**[M]eans for determining . . .** :" The parties agree that the two "means for determining . . ." terms appearing in claims 3 and 5 are governed by 35 U.S.C. § 112 ¶ 6. The parties also agree that corresponding function is "determining if the information spoken by the caller was reliably recognized" in claim 3 and "determining if the information spoken by the caller was recognizable or unrecognizable" in claim 5.

The dispute regarding these terms goes to the corresponding structure. The specification describes three recognition algorithms: (1) the recognition device calculates and assigns a probability of correctness to its estimate of information spoken by the caller; (2) if the utterance is a digit string, a check-sum of digits is computed; and (3) if the recognition device proposes a word that does not conform to the expected

2

caller responses, an error assumption is made. (col. 2:49-56) The three algorithms are not merely exemplary of the potential corresponding structures; they are mandatory features of the claimed elements. See WMS Gaming Inc. v. International Game Tech., 184 F.3d 1339, 1349 (Fed. Cir. 1999) (explaining that "[i]n a means-plus-function claim in which the disclosed structure is a computer, or microprocessor, programmed to carry out an algorithm, the disclosed structure is not the general purpose computer, but rather the special purpose computer programmed to perform the disclosed algorithm."). Accordingly, the court concludes that the identified algorithms are the corresponding structure for both "means for determining . . ." elements.

_____
United States District Judge